**STATE of Tennessee, Appellant,**

v.

**Jeffery L. GROSS, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 17, 1984.

Permission to Appeal Denied by Supreme Court July 2, 1984.

William M. Leech, Jr., State Atty. Gen. & Reporter, Steven A. Hart, Asst. State Atty. Gen., Nashville, John Bingham, Asst. Dist. Atty. Gen., Blountville, for appellant.

Frank P. Miller, Icenhour & Miller, Bristol, for appellee.

## OPINION

BYERS, Judge.

The state's petition to have the appellee declared an habitual motor vehicle offender was dismissed.

On appeal, the state contends that the trial judge erred in permitting a collateral attack on one of the prior convictions offered in support of the petition.

The judgment is reversed.

At the hearing, the state offered evidence of three prior DUI convictions. One of these was shown by a judgment of the General Sessions Court of Sullivan County. The document showed that a guilty plea was entered and judgment rendered on June 11, 1980. The plea and waiver form bears the signatures of the trial judge, the appellee here, and his attorney. However, the portion of the document that contained the warrant and the officer's affidavit bore no signature.

The trial judge dismissed the state's petition because he concluded that the lack of signatures on the warrant made the judgment void on its face. The state then had not shown the necessary three convictions to justify revocation of the appellee's driver's license.

This court has held that a facially valid conviction on which a suspension or revocation of a driver's license is based cannot be attacked collaterally in a proceeding of this kind. *Everhart v. State,* 563 S.W.2d 795 (Tenn.Cr.App.1978). This is the general rule.

The issue becomes whether this judgment is void on its face and thus subject to collateral attack in a revocation hearing. We think it is not.

In *State v. Campbell,* 641 S.W.2d 890 (Tenn.1982), the Supreme Court discussed the implication of an unsigned warrant where a direct attack had been made thereon in the trial court.

In *Campbell,* the Court did not hold the warrant was void on its face or subject to a post-judgment collateral attack. Indeed, the Court discussed, citing and quoting from *Murff v. State,* 221 Tenn. 111, 425 S.W.2d 286 (1967), the propriety of amending or substituting deficient warrants at the trial level when an attack upon the validity of the warrant is made.

In the case before us no direct attack upon the warrant was made. The record shows the appellee, represented by counsel, appeared before the general sessions court. He and his attorney signed a waiver of indictment, presentment, etc., and the appellee entered a plea of guilty to the charge of DUI.

The deficiency of the warrant does not vitiate the judgment of conviction. If the appellee had made a timely, direct attack upon the warrant because of its deficiencies he would have been entitled to prevail. However, he chose not to make this attack but submitted to the jurisdiction of the court and entered a plea of guilty. The general rule is that a plea of guilty waives all non-jurisdictional defects, procedural defects, and constitutional infirmities. *Ellison v. State,* 549 S.W.2d 691 (Tenn.Cr.

App.1976). The General Sessions Court of Sullivan County had jurisdiction over the subject matter of the charge and it had personal jurisdiction of this appellee. The deficiencies in the warrant were at most statutory, not jurisdictional or constitutional, defects. The plea of guilty waives these defects.

■ This Court has held that the absence of an endorsement on an indictment "does not deprive the trial court of jurisdiction ... so as to make any resulting conviction void," and without a timely motion, the objection is waived. *Applewhite v. State*, 597 S.W.2d 328, 329 (Tenn.Cr.App.1979). Where the charging instrument is a warrant, there is no reason to apply a different rule.

The mischief of allowing this delayed collateral attack on the conviction for DUI is manifest. As the Supreme Court pointed out in *Campbell*, citing *Murff*, had the invalidity of the warrant been raised in the general sessions court on direct attack, the state could have amended the warrant and proceeded to trial on the merits of the charge. Obviously the need for doing this did not arise because this appellee, with counsel, waived his rights and entered a plea of guilty.

The date of the offense was April 23, 1980. No attack was made upon the warrant until the 24th day of June, 1983, in response by the appellee to the petition of the state in this case.

The statute of limitations for prosecution of a DUI case is one year. If we are to hold that an accused may waive his right to an indictment and presentment and enter a plea of guilty upon an unsigned affidavit and warrant without giving legal efficacy to the warrant, then a defendant may plead guilty without raising the defect until the statute of limitations has run and thus avoid by his own connivance the execution of a judgment which has been rendered against him.

In *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), the Court held that where there is a counseled plea of guilty to a charge, a finding of even constitutional defects in the return of the indictment entitles the person to no federal collateral relief unless he can show that because of incompetency of counsel the defects were not raised. If the person pled guilty knowingly, and voluntarily, and was represented by competent counsel, such defects are waived. The warrant in this case and the judgment entered thereon show a plea of guilty by the accused, who had counsel. This conviction is facially valid, and only a collateral attack could raise the issue of the invalidity of the guilty plea on a claim of incompetency of counsel. This, of course, cannot be done in a proceeding to have a person declared to be an habitual automobile offender. *Everhart, supra.*

This case is remanded to the trial court for further proceedings.

SCOTT, J., concurs.

CORNELIUS, J., dissents.

CORNELIUS, Judge, dissenting.

I do not believe the trial judge misread Justice Drowota's opinion in *Campbell v. State*, 641 S.W.2d 890 (Tenn.1982).

The *Campbell* court, with all members concurring reasoned:

> We are of the opinion that the agreement could be valid only as long as the warrant and its ensuing and related prosecution were valid. In the general sessions court the Defendant and State proceeded to trial on the faulty charging instrument. The predicate for such an "agreement" is a valid warrant as the charging instrument. *If that warrant is void, the agreement is invalidated along with it.* At that point, all that remains is the Defendant's liability for his offense and the decision of the State as to how to prosecute him. As noted in the dissenting opinion, it was the decision of the Defendant to seek voidance of the warrant, and without the warrant, there was nothing on which to base a Rule 5 waiver. The Defendant would have the right to waive indictment if he were reprosecuted upon a new warrant; but the State

did not offer him that opportunity. (Emphasis added)

If my fellow judges' opinion prevails, they will have limited the reasoning of *Campbell* to the point that it will have little, if any, value as a guide to the bench and bar.

If my two brethern are correct, General Sessions Judges may continue to flout the legal requirements necessary for the commencement of a criminal action by warrant.

The warrant identified as State's Exhibit Number 1, was void at the time it was issued April 23, 1980. It was void on June 11, 1980 when Jeffery L. Gross plead guilty to it and waived his right to be tried only by indictment or presentment. The unamended warrant was void on June 11, 1980, the date the General Sessions Judge entered judgment. It is still void as of this date.

Therefore, I would hold that the trial court was correct in finding that the State had failed to prove three valid convictions under T.C.A. § 55–10–603(1)(A)(vi).