# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1999



**FILED**

October 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A.<br>NO.<br>01C01-9809-CC-00368 |
| | ) | |
| Appellee, | ) | |
| | ) | **GILES COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. JUDY G. CALLAHAN, JUDGE** |
| **GEORGE SHERRILL PILKINTON,** | ) | |
| | ) | |
| Appellant. | ) | **(VEHICULAR HOMICIDE)** |

FOR THE APPELLANT:          FOR THE APPELLEE:

**HAL HARDIN**
Counsel for Appellant At Trial

**ROGER T. MAY**
Counsel for Appellant At Trial
219 Second Avenue N., Suite 300
Nashville, TN 37201-1601

**M. ANDREW HOOVER**
Counsel for Appellant On Appeal

**TIMOTHY P. UNDERWOOD**
Counsel for Appellant On Appeal
134 North Second Street
Pulaski, TN 38478

**PAUL G. SUMMERS**
Attorney General & Reporter

**KIM R. HELPER**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**T. MICHAEL BOTTOMS**
District Attorney General

**ROBERT C. SANDERS**
Assistant District Attorney General

**RICHARD DUNAVANT**
Assistant District Attorney General
252 North Military Avenue
P.O. Box 459
Lawrenceburg, TN 38464

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

On October 14, 1996, the Giles County Grand Jury indicted Defendant George Sherill Pilkinton for aggravated vehicular homicide. On March 16, 1998, Defendant pled guilty to vehicular homicide pursuant to a negotiated plea agreement. Following a sentencing hearing on May 5, 1998, the trial court sentenced Defendant as a Range I standard offender to a term of eight years in the Tennessee Department of Correction. On May 21, 1998, Defendant filed a motion to set aside the sentencing hearing and/or vacate the plea agreement. The trial court conducted a hearing on the motion on August 8, 1998, and the trial court denied the motion on August 11, 1998. Defendant challenges his conviction, raising the following issues:

> 1) whether the trial court erred when it denied his motion to suppress blood sample evidence; and
>
> 2) whether the trial court erred when it denied his motion to set aside the sentencing hearing and/or vacate the plea agreement.

After a review of the record, we affirm the judgment of the trial court.

## I. BACKGROUND

Defendant and the State stipulated to the following facts in the petition to enter a plea of guilty:

> On July 23, 1996, the defendant, George Sherill Pilkinton, while working on his farm in Giles County, Tennessee, consumed some alcoholic beverages during the day, between 2:30 and 5 p.m. At or about 5 p.m. he left his farm and drove his pickup truck down Pigeon Ro[o]st Road and struck a motorcycle head-on. The driver of the motorcycle, Dustin Clark, was instantly killed. The point of impact between the two vehicles was over the center of the road in the direction that the defendant was driving. Approximately 3 hours thereafter, a blood sample was taken. The TBI lab found it negative for marijuana but .06 positive for alcohol. In February the blood sample was at the request of the District Attorney, tested by a Pennsylvania lab for marijuana.

After he was indicted, Defendant filed a motion to suppress the blood sample evidence that was obtained in this case. In his motion, Defendant argued that the evidence should be suppressed because the blood sample was destroyed before the defense expert was able to perform independent testing. The trial court

subsequently denied the motion after finding that there was no proof that independent testing of the blood sample by the defense would have produced any exculpatory evidence.

Following the denial of his motion to suppress, Defendant entered into plea negotiations with the State. The parties subsequently entered into an agreement whereby Defendant agreed to plead guilty to vehicular homicide with a sentence of eight years in return for the State's agreement to dismiss all other charges. The agreement also provided that the trial court would conduct a sentencing hearing to determine how the sentence would be served. In addition, the agreement provided that neither party would call any witnesses during the sentencing hearing.

During his argument at the sentencing hearing, defense counsel stated that Janice Clark, the victim's mother, wanted Defendant "to serve somewhere between the maximum and the minimum sentence", but she was opposed to full probation. Shortly thereafter, the prosecutor informed the court that Ms. Clark wanted to be heard because defense counsel had inferred that she was amenable to something less than an eight year sentence while, in fact, she was adamant that Defendant should receive an eight year sentence. Defense counsel then objected to allowing Ms. Clark to make a statement on the ground that permitting her to testify would be a violation of the plea agreement.

The trial court then asked the prosecutor whether the State wanted Ms. Clark to testify or whether it was Ms. Clark's own idea. The prosecutor responded that he would prefer that Ms. Clark did not testify, but he believed that she had a right to do so. The trial court subsequently ruled that, as the victim's mother, Ms. Clark had a right to make a statement. The trial court also ruled that Ms. Clark was not a party to the agreement and thus, the agreement did not affect her right to testify. The trial court then called Ms. Clark to make a statement.

Ms. Clark subsequently stated that she believed that Defendant should suffer the consequences of his actions, even though his family would suffer if he was incarcerated. The trial court then asked Ms. Clark three questions about whether she was aware of various sentencing provisions governing release eligibility and Ms. Clark essentially stated that she did not want Defendant to be able to just "walk[] away". Neither the prosecutor nor defense counsel asked Ms. Clark any questions.

## II. DENIAL OF THE SUPPRESSION MOTION

Defendant contends that the trial court erred when it denied his motion to suppress blood sample evidence. We conclude that Defendant has waived this issue.

"The general rule is that a plea of guilty waives all non-jurisdictional defects, procedural defects, and constitutional infirmities." State v. Gross, 673 S.W.2d 552, 553 (Tenn. Crim. App. 1984). However, Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides for an appeal following a guilty plea in limited situations. Rule 37(b)(2)(i) states:

> (b) . . . An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
> . . . .
> (2) upon a plea of guilty or nolo contendere if:
> (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case;

Tenn R. Crim. P. 37(b)(2)(i).

The Tennessee Supreme Court set forth the requirements for pursuing an appeal pursuant to Rule 37(b)(2)(i) in State v. Preston, 759 S.W.2d 647 (Tenn. 1988). The supreme court stated that

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn.R.Crim.P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior

petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

Id. at 650.

The judgment in this case does not contain a statement of any dispositive question of law, does not contain a statement that the certified question was expressly reserved, and does not contain a statement that the State and trial court agree that the question is dispositive. In fact, nothing in the record indicates that Defendant made any effort to reserve the question of whether the blood sample evidence should have been suppressed. In short, Defendant has waived this issue by failing to comply with the requirements of Rule 37(b)(2)(i). Defendant is not entitled to relief on this issue.

### III. DENIAL OF THE MOTION TO SET ASIDE THE SENTENCING HEARING AND/OR VACATE THE PLEA AGREEMENT

Defendant contends that the trial court erred when it denied his motion to set aside the sentencing hearing and/or vacate the plea agreement. We disagree.

Defendant argues that the State violated the plea agreement when it called Ms. Clark to testify during the sentencing hearing, even though it had specifically agreed not to call any witnesses. The record indicates that the State informed the trial court that Ms. Clark wanted to make a statement because she believed that defense counsel had misrepresented her feelings about the sentence that should be

imposed. After the trial court allowed Ms. Clark to make a statement, the State did not ask Ms. Clark a single question.

Tennessee Code Annotated section 40-35-209(b) provides that "[a]t the sentencing hearing, the court . . . may afford the victim of the offense or the family of the victim the opportunity to testify relevant to the sentencing of the defendant." Tenn. Code Ann. § 40-35-209(b) (1997). Thus, the trial court was clearly authorized to permit Ms. Clark to make a statement. Nothing in the plea agreement limited this authority. Further, Ms. Clark was not a party to the plea agreement and nothing in the record indicates that she otherwise agreed not to make a statement at the sentencing hearing in return for Defendant's agreement to plead guilty.

In addition, it is clear that Defendant was not prejudiced in any manner by Ms. Clark's statement. Ms. Clark's entire statement takes up less than one page of the transcript of the sentencing hearing. Moreover, Ms. Clark's statement is merely cumulative of the information she included in her victim impact statement. Indeed, the trial court specifically stated that

> [Ms. Clark] did not say anything of substance that was not included in the investigation report filed by the Department of Correction. The Court does not remember now, and I don't think I did at that time give any special weight to the testimony of a grieving mother as to what the sentence should be.

In short, the plea agreement in this case was simply not violated. Therefore, the trial court's denial of the motion to set aside the sentencing hearing and/or vacate the plea agreement was entirely appropriate. Defendant is not entitled to relief on this issue.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
THOMAS T. WOODALL, Judge

-6-

CONCUR:

_____
JERRY L. SMITH, Judge


_____
NORMA McGEE OGLE, Judge