# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION 1999

FILED

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO.M1998-00402-CCA-R3-CD |
| | ) | |
| Appellee, | ) | |
| | ) | DICKSON COUNTY |
| VS. | ) | |
| | ) | HON. ROBERT BURCH |
| BOBBY J. YOUNG, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Direct Appeal - D.U.I.) |

FOR THE APPELLANT:

THOMAS R. MEEKS
137 Franklin Street
Clarksville, TN 37040
(On Appeal Only)

REESE BAGWELL
116 South Second Street
Clarksville, TN 37041
(At Trial Only)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

LUCIAN D. GEISE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

DAN ALSOBROOKS
District Attorney General

ROBERT WILSON
Assistant District Attorney
Main Street
Springfield, TN 37172

OPINION FILED _____

AFFIRMED IN PART; VACATED AND REMANDED IN PART

JERRY L. SMITH, JUDGE

# OPINION

On January 7, 1997, the Dickson County Grand Jury indicted Appellant Bobby J. Young for driving under the influence of an intoxicant ("DUI"), fourth offense; driving on a revoked license ("DORL"), second offense; and violating the open container law. Following a jury trial on May 20, 1997, Appellant was convicted of fourth offense DUI, second offense DORL, and violating the open container law. After a sentencing hearing on September 12, 1997, the trial court imposed sentences of eleven months and twenty-nine days for the fourth offense DUI conviction, eleven months and twenty-nine days for the second offense DORL conviction, and thirty days for the open container violation. In addition, the sentences for fourth offense DUI and second offense DORL were ordered to run consecutively to each other and the sentence for the open container violation was ordered to run concurrently with the other sentences. Appellant challenges both his convictions and his sentences, raising the following issues:

1) whether the indictment was defective;
2) whether it was unconstitutional to ask Appellant to submit to a breath analysis test;
3) whether the trial court erred when it allowed a police officer to give his opinion about Appellant's level of intoxication at the time of arrest;
4) whether the trial court erred when it instructed the jury that Appellant's refusal to submit to a breath analysis test could be considered against him;
5) whether the evidence was sufficient to support Appellant's convictions;
6) whether evidence of Appellant's prior convictions was properly admitted into evidence;
7) whether the prior convictions used to enhance Appellant's DUI conviction to fourth offense DUI are void on their face;
8) whether the trial court erred when it failed to instruct the jury about the State's burden of proving that Appellant was the same individual who was convicted of the prior DUI offenses;
9) whether the trial court properly considered convictions listed in the presentence report when it sentenced Appellant;
10) whether the trial court imposed excessive sentences; and
11) whether the trial court erred when it imposed consecutive sentencing.

After a review of the record, we affirm the judgment of the trial court in part and vacate the judgment in part.

## I. FACTS

On November 4, 1998, Appellant filed a motion in which he asked this Court to accept an attached statement of facts in lieu of a properly filed record. On November 19, 1998, this Court denied the motion and ordered Appellant to either have the trial transcripts prepared and filed as a supplemental record or file a statement of the evidence and a motion to supplement the record with the trial court pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. Despite this Court's express directions, Appellant has failed to have the trial transcripts filed as a supplemental record and has failed to file a statement of evidence in the trial court pursuant to Rule 24(c).

Because of Appellant's failure to comply with this Court's order to properly supplement the record, we have only a vague outline of the facts of this case. It appears that on July 19, 1996, Deputy Derrick Jones of the Dickson County Sheriff's Office received a report that an intoxicated individual was driving a vehicle on Highway 49 near Charlotte, Tennessee. Deputy Jones subsequently stopped the vehicle and observed that Appellant was the driver. When Deputy Jones approached the vehicle, he smelled the odor of alcohol and he saw an open can of beer on the floor. Appellant then admitted that he had no driver's license and stated that he did not want to perform a field sobriety test because he was drunk.

## II. SUFFICIENCY OF THE INDICTMENT

Appellant contends that the indictment in this case was insufficient to charge him with fourth offense DUI and second offense DORL. Specifically, Appellant contends that the indictment was insufficient because it fails to comply with the requirements of Tennessee Code Annotated section 55-10-403, which states, in relevant part,

> In the prosecution of second or subsequent offenders, the indictment or charging instrument must allege the prior conviction or convictions for violating any of the provisions of §§ 55-10-401, 39-13-213(a)(2), 39-13-106, 39-13-218 or 55-10-418 setting forth the time and place of each prior conviction or convictions. When the state uses a conviction for the offense of driving under the influence of an intoxicant, aggravated vehicular homicide, vehicular homicide, vehicular assault or adult driving while impaired committed in another state for the purpose of enhancing the punishment for a violation of § 55-10-401, the indictment or charging instrument must allege the time, place and state of such prior conviction.

Tenn. Code Ann. § 55-10-403(g)(2) (1998).

Count one of the indictment in this case alleges:

> That BOBBY J. YOUNG . . . on or about the 19th day of July, 1996, . . . in the County of Dickson, . . . did unlawfully drive or was in physical control of an automobile on a public highway or road of the State of Tennessee, or on a street or alley, or while on the premises of a shopping center, trailer park or apartment complex, or any other premises which is generally frequented by the public at large, while he . . . was under the influence of an intoxicant . . . in violation of T.C.A. 55-10-401 . . . And prior to the commission of said offense . . . BOBBY J. YOUNG had previously been convicted of like offenses in the following cases, . . .
> 1.  On July 29, 1991 in the General Sessions Court for Montgomery County, Clarksville, TN in case number A442232959212 of said court.
> 2.  On May 9, 1995 in the General Sessions Court for Montgomery County, Clarksville, TN in case number A174286041514 of said court.
> 3.  On July 11, 1995 in the General Sessions Court for Montgomery County, Clarksville, TN in case number A140290945217 of said court.
> Wherefore the Grand Jurors aforesaid . . . do indict BOBBY J. YOUNG for the 4th offense of unlawfully driving said automobile upon said public highway while under the influence [of an intoxicant] . . . .

In addition, count two of the indictment alleges

> [T]hat in the County and State aforesaid and on the date aforesaid . . .
> BOBBY J. YOUNG . . . did unlawfully and willfully drive a motor vehicle .
> . . at a time when the privilege . . . so to do was canceled, suspended, or
> revoked, because of a conviction for Driving while Intoxicated, in violation
> of T.C.A. 55-50-504 . . . And . . . prior to the commission of said offense .
> . . BOBBY J. YOUNG had previously been convicted of like offense in the
> following case . . .
>> 1.  On July 29, 1991 in the General Sessions Court for
>> Montgomery County, Clarksville, TN in case number
>> A442232959213 of said court.
> Wherefore the Grand Jurors aforesaid . . . do indict BOBBY J. YOUNG for
> the offense of driving on a canceled, suspended, or revoked license, in
> violation of T.C.A. 55-50-504, a Class A Misdemeanor . . . .

Appellant contends that counts one and two of the indictment fail to comply with the requirements of section 55-10-403(g)(2) and fail to comply with constitutional notice requirements because they identify the prior convictions as being for "like offense(s)" rather than identifying the prior convictions as being for DUI or DORL.

Initially, we note that section 55-10-403(g)(2) has no application to indictments alleging that a defendant has committed a second offense DORL. In addition, section 55-10-403(g)(2) is directory in nature, and the real question is whether the indictment is sufficient to satisfy constitutional notice requirements. See State v. Randy Chappell, No. 02C01-9204-CC-00084, 1992 WL 368636, at *1 (Tenn. Crim. App., Jackson, Dec. 16, 1992).

The Tennessee Supreme Court has stated that "an indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted). Further, "an indictment need not conform to traditionally strict pleading requirements." Id. "Thus, we now approach 'attacks upon indictments, especially of this kind, from

the broad and enlightened standpoint of common sense and right reason rather than from the narrow standpoint of petty preciosity, pettifogging, technicality or hair splitting fault finding.'" Id. (quoting United States v. Purvis, 580 F.2d 853, 857 (5th Cir.1978)).

A "common sense" reading of counts one and two of the indictment indicates that they were sufficient to comply with the constitutional notice requirements recited in Hill. Count one of the indictment clearly informed Appellant that he was being charged with fourth offense DUI. Count one also informed Appellant of the three prior convictions that were the basis for enhancing the DUI charge in this case to a charge of fourth offense DUI. It is clear that when the term "like offenses" is viewed in context, it is obviously referring to prior convictions for the same offense that Appellant was charged with in this case—DUI. Likewise, count two of the indictment clearly informed Appellant that he was being charged with second offense DORL.[1] Count two also informed Appellant of the prior conviction that was the basis for enhancing the DORL charge in this case to a charge of second offense DORL. It is clear that when the term "like offense" is viewed in context, it is obviously referring to a prior conviction for the same offense that Appellant was charged with in this case—DORL. Although counts one and two could have been more precise, they clearly enabled Appellant to know the accusation to which answer was required, furnished the court with an adequate basis for the entry of a proper judgment, and protected Appellant from double jeopardy. We decline Appellant's invitation to view the indictment from "the standpoint of petty preciosity, pettifogging,

---

[1] Count two charges Appellant with Class A misdemeanor DORL. The first conviction for DORL is a Class B misdemeanor while a second or subsequent conviction for DORL is a Class A misdemeanor. Tenn. Code Ann. § 55-50-504(a) (1995).

technicality or hair splitting fault finding," and conclude that the indictment was sufficient to comply with constitutional notice requirements. This issue has no merit.

## III. REQUEST FOR A BREATH ANALYSIS TEST

Appellant contends that it is unconstitutional to ask an accused to submit to a breath analysis test because it forces a defendant to either testify at trial and explain the failure to submit to the test or refuse to testify and have the refusal considered as evidence of guilt. However, Appellant has clearly waived this issue by failing to support it with any citation to the record and by failing to cite to any authority. Tenn. R. Ct. Crim. App. 10(b). Moreover, the Tennessee Supreme Court has held that requiring an accused to either submit to a blood-alcohol test or have his refusal used against him at trial does not violate either the federal or state constitutions. State v. Frasier, 914 S.W.2d 467, 470–73 (Tenn. 1996). This issue has no merit.

## IV. OPINION TESTIMONY

Appellant contends that the trial court erred when it allowed a police officer to give his opinion about Appellant's level of intoxication at the time of arrest. However, as previously mentioned, the record does not contain a trial transcript nor does it contain a properly filed statement of the evidence. Thus, it is not possible for us to review this issue. It is the duty of the party seeking appellate review to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues raised by the party. State v. Ballard,

855 S.W.2d 557, 560–61 (Tenn. 1993); State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). When the record is incomplete, and does not contain a transcript of the proceedings relevant to an issue presented for review, this Court is precluded from considering the issue. State v. Matthews, 805 S.W.2d 776, 784 (Tenn. Crim. App. 1990). Therefore, this issue is waived.

## V. INSTRUCTION ON REFUSAL

Appellant contends that the trial court erred when it instructed the jury that Appellant's refusal to submit to a breath analysis test could be considered against him.

The record indicates that the trial court instructed the jury that:

> In this case, the defendant was requested to take a test to determine his blood alcohol content. The defendant refused to take this test.
> A defendant cannot be forced to take a blood/alcohol test.

> When it is the sole decision of a defendant to take such a test and he refuses to do so, the jury may infer that the results would have been unfavorable to him.

> Such refusal does not relieve the State of any duty to establish any fact necessary to constitute a violation of law.

> Whether there was such a refusal and whether such inference has arisen is for you to decide.

Appellant contends that the trial court erred when it gave the above instruction because giving the instruction placed too much emphasis on the fact

that he refused to take a breath analysis test.[2]  However, this Court has previously rejected this same argument and held that when there is evidence that a defendant has refused to submit to a blood alcohol test after being advised of the consequences of a refusal, the trial court should instruct the jury that it may consider the refusal as probative of guilt.  See State v. Malcolm Flake, No. 13, 1986 WL 2866, at *3 (Tenn. Crim. App., Jackson, March 5, 1986).[3]  This issue has no merit.

## VI.  SUFFICIENCY OF THE EVIDENCE

Appellant contends that the evidence was insufficient to support his convictions for DUI, DORL, and violating the open container law.  However, Appellant has failed to support his one sentence conclusory argument for this issue with any citation to the record or with any citation to authority.  Thus, this issue is waived.  Tenn. R. Ct. Crim. App. 10(b).  Moreover, because the record does not contain a trial transcript or a properly filed statement of the evidence, we are precluded from reviewing this issue.  It is the duty of the party seeking appellate review to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues raised by the party.  Ballard, 855 S.W.2d at 560–61; Roberts, 755 S.W.2d at 836.  When

---

[2] Appellant also contends that the trial court erred when it gave this instruction because the trial court failed to inform the jury that it could choose to place no emphasis on the refusal.  This contention is inaccurate.  The express language of the instruction informed the jury that whether the refusal has any meaning is for the jury to decide.

[3] Appellant concedes that the State introduced evidence that he refused to take a breath analysis test and that this evidence was admissible.  The record also indicates that the State introduced evidence that showed that before Appellant was asked to submit to a test, he was advised of the consequences of a refusal.

the record is incomplete, and does not contain a transcript of the proceedings relevant to an issue presented for review, this Court is precluded from considering the issue. Matthews, 805 S.W.2d at 784. Therefore, this issue is waived.

## VII. ADMISSION OF PRIOR CONVICTIONS

Appellant contends that the evidence of his prior convictions was improperly admitted. Specifically, Appellant argues that this evidence was improperly admitted because it was not introduced through the testimony of a proper records custodian and was not properly authenticated. However, because the record does not contain a trial transcript or a properly filed statement of the evidence, we are precluded from reviewing this issue. It is the duty of the party seeking appellate review to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues raised by the party. Ballard, 855 S.W.2d at 560–61; Roberts, 755 S.W.2d at 836. When the record is incomplete, and does not contain a transcript of the proceedings relevant to an issue presented for review, this Court is precluded from considering the issue. Matthews, 805 S.W.2d at 784. Therefore, this issue is waived.

## VIII. VALIDITY OF THE PRIOR DUI CONVICTIONS

Appellant contends that his conviction for DUI should not have been enhanced to fourth offense DUI because the three prior judgments of conviction upon which enhancement was based are void on their face.

First, Appellant contends that the judgments from general sessions court that indicate that he pled guilty to three prior DUI offenses are void on their face because there is no indication that they are judgments, because they do not name Appellant as the person convicted, and because they have not been properly signed by a judge. Despite Appellant's assertions, it is obvious from the face of the documents that they are judgments of conviction. In addition, each judgment states that "Bobby J. Young" or "Bobby Joe Young" has been convicted of a DUI offense, each judgment indicates what sentence was imposed, and each judgment has been signed by a judge. Further, nothing indicates that the court that pronounced the judgments was without jurisdiction to do so.

Second, Appellant contends that the judgments are void on their face because the warrant section of each judgment is defective. However, each judgment indicates that Appellant entered a guilty plea while he was represented by counsel. As this Court has previously stated, "[t]he general rule is that a plea of guilty waives all non-jurisdictional defects, procedural defects, and constitutional infirmities." State v. Gross, 673 S.W.2d 552, 553 (Tenn. Crim. App. 1984). Thus, Appellant waived his challenge to the alleged defects of the warrants by pleading guilty. See id. at 554.

Third, Appellant contends that the judgments are void on their face because they fail to show: (1) that he was advised of his privilege against self-incrimination, his right to confront witnesses, and his right to a trial by jury as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); (2) that he was advised pursuant to State v. Mackey, 553 S.W.2d 337 (Tenn. 1977), that a guilty plea could be used to enhance the sentence for future convictions; and (3) that the trial court followed certain procedural requirements such as ensuring that there was a factual basis for the plea and creating a verbatim record of the plea hearing. However, this Court has recently held that, even if true, none of these allegations would establish that a judgment was void on its face. State v. Phillip Todd Swords, No. 03C01-9807-CR-00239, 1999 WL 222702, at *6–7 (Tenn. Crim. App., Knoxville, April 14, 1999). Because these allegations do not establish that the judgments are void on their face, the allegations cannot be used in this case to collaterally attack Appellant's prior convictions in order to prevent them from being used to enhance his conviction to fourth offense DUI. See id., 1999 WL 222702, at *6–7. The Post-Conviction Procedure Act is the authorized route of attack for Appellant. See id., 1999 WL 222702, at *7. This issue has no merit.

## IX. FAILURE TO GIVE A SPECIFIC JURY INSTRUCTION ON IDENTITY

Appellant contends that the trial court erred when it failed to specifically instruct the jury that in order to establish that Appellant had previously been convicted of DUI offenses, the State had the burden to prove beyond a reasonable doubt that Appellant was the same individual who was named in

-12-

the three prior judgments of conviction. However, Appellant has failed to support his argument for this issue with any citation to the record or with any citation to authority. Thus, this issue is waived. Tenn. R. Ct. Crim. App. 10(b).

Notwithstanding waiver, we conclude that Appellant is not entitled to relief even on the merits. The record indicates that during the initial phase of trial, the trial court instructed the jury that:

> [T]he defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the State to prove that he is guilty, and this burden stays on the State from start to finish. You must find the defendant not guilty unless the State convinces you beyond a reasonable doubt that he is guilty.
> The State must prove every element of the crimes charged beyond a reasonable doubt. . . . .
> . . . .
> The State must prove beyond a reasonable doubt all of the elements of the crime charged, that the crime, if in fact committed, was committed by this defendant . . . .

The record also indicates that after the State introduced the three judgments of conviction during the second phase of trial, the trial court instructed the jury that:

> You will consider whether or not the defendant has previously been convicted of the offense of driving under the influence of an intoxicant and, if so, whether your previous verdict in this case was his second offense or whether it was his third or subsequent offense. In so doing, you will use the principles explained to you in the previous charge.
> . . . .
> If from all of the evidence and the court's charge you find that no prior offense has been proved or if you have reasonable doubt as to whether any offense has been proved, you will find that the defendant is guilty on his first offense of DUI.

In this case, the trial court clearly informed the jury that the State had the burden of proving every element of the charged crimes beyond a

reasonable doubt. Thus, the jury was clearly aware that in order to prove that Appellant had prior convictions for DUI, the State had to establish beyond a reasonable doubt that Appellant was the person who was named in the prior judgments of conviction. This issue has no merit.

## X. USE OF THE PRESENTENCE REPORT

Appellant contends that the trial court erred when it considered convictions listed in the presentence report when it sentenced Appellant.

First, Appellant argues that the presentence report should not have been admitted into evidence because there was no proof that the report was accurate and because Appellant's counsel was prevented from questioning the probation officer who prepared the report about its accuracy. However, the record indicates that when the State offered the presentence report for admission into evidence, Appellant made no objection whatsoever. Further, the record indicates that Appellant's counsel was given the opportunity to cross-examine the probation officer and counsel never asked a single question that challenged the accuracy of the report. By failing to object to the introduction of the presentence report, Appellant clearly waived any challenge to its introduction or to its accuracy. See Tenn. R. App. P. 36(a).

Second, Appellant contends that the presentence report should not have been considered by the trial court because it listed offenses that Appellant was charged with that did not result in convictions and included

convictions that were over ten years old. However, the trial court expressly stated that it would not consider any charged offense that did not result in a conviction and would not consider any conviction that was more than ten years old. This issue has no merit.

## XI. LENGTH OF SENTENCES

Appellant contends that the trial court erroneously imposed excessive sentences for all three of his convictions.

This Court's review of the sentence imposed by the trial court is <u>de novo</u> with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) (1997) (Sentencing Commission Comments). Ordinarily, a trial court is required to make specific findings on the record with regard to sentencing determinations. <u>See</u> Tenn. Code Ann. §§ 40-35-209(c), 40-35-210(f) (1997 & Supp. 1998). However, with regard to misdemeanor sentencing, the Tennessee Supreme Court has stated that review of misdemeanor sentencing is <u>de novo</u> with a presumption of correctness even if the trial court did not make specific findings of fact on the record because "a trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative

mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998).

Misdemeanor sentencing is controlled by Tennessee Code Annotated section 40-35-302, which provides that the trial court shall impose a specific sentence consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. See State v. Palmer, 902 S.W.2d 391, 392 (Tenn. 1995). A defendant convicted of a misdemeanor, unlike a defendant convicted of a felony, is not entitled to a presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). Misdemeanor sentences do not contain ranges of punishments, and a misdemeanor defendant may be sentenced to the maximum term provided for the offense as long as the sentence imposed is consistent with the purposes of the sentencing act. Palmer, 902 S.W.2d at 393.

In this case, Appellant was convicted of fourth offense DUI, which was a Class A misdemeanor at the time of the offense. See Tenn. Code Ann. § 55-10-403(m) (1995). Under the applicable statute in effect at the time, a defendant convicted of fourth offense DUI was to be confined "for not less than one hundred twenty (120) days nor more than eleven (11) months and twenty-nine (29) days." Tenn. Code Ann. § 55-10-403(a)(1) (1995). Furthermore, "all persons sentenced under subsection (a) shall, in addition to the service of at least the minimum sentence, be required to serve the difference between the time actually served and the maximum sentence on probation." Tenn. Code Ann. § 55-10-403(c) (1995). In effect, the DUI statute

mandates a maximum sentence for a DUI conviction with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be served in confinement. See Troutman, 979 S.W.2d at 273. Appellant was also convicted of second offense DORL, which is a Class A misdemeanor. See Tenn. Code Ann. § 55-50-504(a)(2) (1995). A defendant convicted of second offense DORL "shall be punished by confinement for not less than forty-five (45) days nor more than one (1) year." Tenn Code Ann. § 55-50-504(a)(2) (1995). Further, Appellant was also convicted of violating the open container law, which is a Class C misdemeanor punishable by fine only. See Tenn. Code Ann. § 55-10-416(b)(1) (1995).

In determining the length of Appellant's sentences, the trial court found that Appellant should receive the maximum sentence for each conviction. The trial court based its decision to impose maximum sentences on its finding that Appellant had previously committed an alcohol related offense while he was on probation for similar offenses and because Appellant's criminal record consisted of three prior DUI convictions, three prior DORL convictions, thirteen prior public intoxication convictions, and one prior disorderly conduct conviction.

The record amply supports the trial court's findings in support of the imposition of maximum sentences. The record indicates that Appellant committed the offense of public intoxication while he was on probation for DUI and DORL. More importantly, our reading of Appellant's criminal record for

the ten years prior to the offenses in this case indicates that Appellant has three prior DUI convictions, three prior DORL convictions, eight prior public intoxication convictions, one prior disorderly conduct conviction, and two prior traffic offense convictions.[4]  Under these circumstances, we conclude that, upon <u>de novo</u> review in observance of the less stringent standards attached to misdemeanor sentencing, the trial court did not abuse its discretion when it imposed maximum sentences for Appellant's convictions for fourth offense DUI and second offense DORL.

Although not specifically challenged by Appellant, we conclude that the portion of his sentence for the open container violation that imposes thirty days of confinement must be vacated.  As previously noted, violating the open container law is a Class C misdemeanor which is punishable by fine only.  <u>See</u> Tenn. Code Ann. § 55-10-416(b)(1) (1995).  Thus, the imposition of thirty days of confinement for the open container violation was clearly improper and that portion of the sentence must be vacated.[5]

## XII.  CONSECUTIVE SENTENCING

---

[4] We note that Appellant's criminal record for the ten years prior to the offenses in this case indicates that Appellant has six additional public intoxication convictions and a conviction for contributing to the delinquency of a child.  However, because the record is not entirely clear about these convictions, we have given Appellant the benefit of the doubt and do not consider them.

[5] We do not vacate the portion of this sentence that imposes a fine.

Appellant contends that the trial court erred when it ordered his sentences for fourth offense DUI and second offense DORL to run consecutively.

Consecutive sentencing is governed by Tennessee Code Annotated section 40-35-115.  The trial court has the discretion to order consecutive sentencing if it finds that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).  Further, when imposing consecutive sentencing based on a finding that a defendant is a "dangerous offender", the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed;  (2) serve to protect the public from further criminal conduct by the offender;  and (3) are congruent with general principles of sentencing. State v. Lane, ____ S.W.2d ____ (Tenn. 1999);  State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

In imposing consecutive sentences, the trial court made no express finding as to which factors under Tenn. Code Ann. Section 40-35-115's factors applied.  However, it is clear that the trial court imposed consecutive sentencing because it found that Appellant was a dangerous offender whose behavior indicates little or no regard for human life and who has no hesitation in committing a crime in which the risk to human life is high. See Tenn. Code Ann. § 40-35-115(4) (1997).  We agree that Appellant is a dangerous offender for whom consecutive sentencing is appropriate.  Appellant has repeatedly endangered the lives of other motorists by committing the offense of DUI.

Indeed, this Court has previously held that a defendant with multiple DUI convictions "may be properly classified as a 'dangerous offender' for whom consecutive sentencing is appropriate." State v. Carl E. Campen, No. 01C01-9512-CC-00433, 1997 WL 661728, at *4 (Tenn. Crim. App., Nashville, Oct. 24, 1997). Further, we conclude in our de novo review that the Wilkerson test is satisfied. First, consecutive sentencing is appropriate to the seriousness of the offenses. Certainly, both DUI and DORL are serious offenses. See Carl E. Campen, 1997 WL 661728, at *4. Second, it is clear that consecutive sentencing is necessary to protect society from Appellant's criminal conduct. Appellant has continued to commit the offense of DUI, even though his driver's license has been revoked or suspended on three different occasions. It is clear that the prior lenient punishments that have been imposed on Appellant have done absolutely nothing to deter his continued violation of the DUI and DORL laws. Third, we conclude that consecutive sentencing in this case is entirely congruent with general principles of sentencing. This issue has no merit.

## XIII. CONCLUSION

Because the trial court improperly imposed thirty days of confinement for the open container conviction, we vacate that portion of Appellant's sentence. In all other respects, the judgment of the trial court is affirmed.

_____

JERRY L. SMITH, JUDGE


CONCUR:


_____
THOMAS T. WOODALL, JUDGE


_____
NORMA MCGEE OGLE, JUDGE