IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 12, 2002 Session

## STATE OF TENNESSEE v. RICKY LEE HALL

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3079    Frank G. Clement, Jr., Judge**

---

**No. M2001-01874-CCA-R3-CD - Filed July 17, 2002**

---

The defendant contests the trial court's revocation of his probation, more specifically its failure to dismiss the probation revocation warrant. We conclude the trial court did not err in not dismissing the warrant. We affirm the judgment of the trial court with instructions to enter a formal order revoking probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed as Modified**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Dale M. Quillen, Ken D. Quillen, and Michael Flanagan, Nashville, Tennessee, for the appellant, Ricky Lee Hall.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and David G. Vorhaus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

After pleading guilty on March 18, 1999, in the General Sessions Court of Davidson County to Driving Under the Influence second offense, the defendant, Ricky Lee Hall, was sentenced to eleven (11) months and twenty-nine (29) days, with all time suspended after service of the mandatory minimum of forty-five (45) days.

In February 2000, the State filed a petition to revoke probation. In the petition, the State alleges that the defendant violated the terms and conditions of his probation or suspended sentences by (1) failing to complete Level III of the Chemical Dependency Program, (2) failing to pay $292.40

in fines, and (3) additional violations of the law *to wit*: criminal impersonation and driving on revoked license occurring on January 23, 2000.

The defendant sought to have the violation petition dismissed in General Sessions Court. Relief was denied. The defendant then appealed the denial to the Davidson County Circuit Court, where his relief was again denied. This timely appeal followed.

It is not entirely clear from the record whether the defendant's probation has actually been revoked or whether this appeal is simply from the denial of the motion to dismiss the revocation warrant, with the final disposition of the warrant still pending. In the latter event, this would not be a proper appeal under Rule 3(b) of the Tennessee Rules of Appellate Procedure, and we would dismiss the appeal. However, it appears from the transcript of the hearing that the defendant's probation was indeed revoked. Nevertheless, we find no formal order in the record revoking probation. The trial court" order simply reflects that the "motion to dismiss probation violation warrant . . . is denied."

Since it appears probation has been revoked and this is an appeal from that revocation, we will entertain the appeal under Rule 3(b) of the Tennessee Rules of Appellate Procedure. In view of our disposition of the appeal, the trial court upon remand shall enter a formal order revoking probation.

It is the defendant's contention that, because the warrant in General Sessions Court alleges first offense D.U.I. and the judgment recites a conviction for second offense D.U.I., the judgment of conviction is facially void. Therefore, a revocation warrant emanating from a void conviction must be dismissed. We disagree.

The defendant asserts that the charging instrument was unconstitutional in that it failed to adhere to the mandate of Tennessee Code Annotated section 55-10-403(g)(2) ("charging instrument must allege the prior conviction or convictions for violating any of the provisions of § 55-10-401[.]"). We note that D.U.I. second offense is merely an enhancement of the punishment for D.U.I. See State v. Ronnie Lamar Evans, No. E2000-00327-CCA-R9-CD, 2001 WL 501414 (Tenn. Crim. App. May 11, 2001); see also State v. Robinson, 29 S.W.3d 476, 482 (Tenn. 2000) (agreeing with procedures recommended by the Court of Criminal Appeals requiring a hearing outside of the presence of the jury in order to determine if the defendant had a prior D.U.I. conviction). The defendant's prior convictions are not elements of the offense. He therefore had notice of the offense charged and pled guilty to the offense. The defendant agreed for *sentencing* purposes that this was his second offense subject to enhanced punishment. Tenn. Code Ann. § 55-10-403(a)(1).

Finally, this defendant signed the judgment entering a guilty plea to the offense of D.U.I. second offense, thereby submitting to the jurisdiction of the court and waiving all non-jurisdictional defects. A guilty plea waives all non-jurisdictional and procedural defects and constitutional infirmities. State v. Gross, 673 S.W.2d 552, 553 (Tenn. Crim. App. 1984), *perm. to app. denied* (Tenn. July 2, 1984). The General Sessions Court of Davidson County had jurisdiction over the

subject matter of the charge, and it had personal jurisdiction over the defendant. The judgment is not facially void. The conviction and sentence are valid.

## CONCLUSION

The trial court did not err in revoking the defendant's probation or suspended sentence. The judgment from the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE