IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 27, 2017 Session

## STATE OF TENNESSEE v. WILLIAM CHRISTOPHER DAVIS

**Appeal from the Criminal Court for Knox County**
**No. 107367   Bobby R. McGee, Judge**

_____

### No. E2016-02132-CCA-R3-CD

_____

Upon the request of the Department of Safety, the State filed a petition to declare William Christopher Davis, the Defendant, a "habitual offender" pursuant to Motor Vehicle Habitual Offenders Act ("the MVHO Act").  The trial court dismissed the petition after concluding that the MVHO Act was ambiguous regarding when the State had a duty to file a petition.  On appeal, the State argues that it has an appeal as of right under Tennessee Rule of Appellate Procedure 3(c) from the dismissal of its petition and that the trial court erred in dismissing its petition on the grounds that the MVHO Act was ambiguous and penal in nature.  The Defendant argues that the State does not have an appeal as of right from the dismissal of its petition and that the trial court correctly dismissed the petition.  After a thorough review of the facts of this case and applicable case law, we conclude that the State does not have an appeal as of right from the dismissal of a motor vehicle habitual offender petition, and thus we dismiss the State's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme Allen, District Attorney General; and Gregory Eshbaugh, Assistant District Attorney General, for the appellant, State of Tennessee.

James R. Owen, Knoxville, Tennessee, for the appellee, William Christopher Davis.

# OPINION

## I. Factual and Procedural Background

On February 1, 2016, the Department of Safety requested that the District Attorney's Office of the Sixth Judicial District petition to have the Defendant declared a "habitual offender" as defined in Tennessee Code Annotated section 55-10-603(2) of the MVHO Act. On February 25, 2016, the District Attorney's Office filed the petition claiming that the Defendant had been convicted of DUI in Knox County on December 30, 2015, driving on a revoked license in Williamson County on October 2, 2012, and DUI in Williamson County on February 22, 2012. The Defendant filed a motion to dismiss the petition on September 8, 2016. The motion alleged that on February 10, 2016, after the Defendant pled guilty to the DUI charge in Knox County, he requested a restricted license order and that the State did not object. On February 17, 2016, he installed an interlock device in his vehicle, obtained SR22 insurance, paid a sixty-seven dollar ($67.00) fee to the State, and was issued a restricted license. The motion alleged that:

> When the [Defendant] pled guilty in docket [#]1136345 on December 30, 2015, the [S]tate had notice that the [D]efendant had the three triggering convictions that the [S]tate subsequently relied upon in the petition to declare the [D]efendant a habitual motor vehicle offender. At that time, the [S]tate chose not to comply with the requirements of Tennessee Code Annotated [section] 55-10-618 (b) and did not file or give the [D]efendant notice of a habitual motor vehicle offender petition. The [S]tate did not file the petition to declare the [Defendant] a habitual motor vehicle offender until February 25, 2016, two months after the date of his plea.

On September 29, 2016, the trial court heard the parties' arguments concerning the State's petition. The trial court admitted the Department of Safety's Habitual Offender MVR [motor vehicle report], which was dated February 1, 2016, into evidence. The trial court stated the following:

> [I]t does appear that there may be an ambiguity in the law as to just what procedure should be followed when the Attorney General knows that the prosecution is bringing – at that time, is going to be the triggering conviction for the statute and intends to use it as the trigger and to seek revocations of the license. And even though it's not technically a criminal matter, it still is penal in nature. And I think the Court would have to resolve the ambiguity in favor of the [D]efendant.

Accordingly, the trial court dismissed the State's petition. The State filed its notice of appeal on October 17, 2016.

## II. Analysis

The State argues that it has an appeal as of right from the dismissal of its petition under Tennessee Rule of Appellate Procedure 3(c) because the substantive effect of the trial court's dismissal order "results in dismissing a complaint as set forth in Rule 3(c)(1)." The Defendant contends that the State does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3 to appeal the dismissal of its petition.

*State's Appeal as of Right*

Tennessee Rule of Appellate Procedure Rule 3(c) states the following:

> Availability of Appeal as of Right by the State in Criminal Actions. In criminal actions an appeal as of right by the state lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint; (2) setting aside a verdict of guilty and entering a judgment of acquittal; (3) arresting judgment; (4) granting or refusing to revoke probation; or (5) remanding a child to the juvenile court. The state may also appeal as of right from a final judgment in a habeas corpus, extradition, or post-conviction proceeding, from an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final order on a request for expunction.

Tenn. R. App. P. 3(c). The Advisory Commission Comment for this subsection states, in pertinent part, that:

> The only limitation placed upon the right of appeal by the state in criminal actions is that it may not appeal upon a judgment of acquittal. In addition, notions of double jeopardy place constitutional restrictions on the availability of appeals by the state. *See[,] e.g., United States v. Martin Linen Supply Co.*, 430 U.S. 564 (1977). This subdivision specifies situations, within constitutional limits, in which it seems desirable to recognize the state's right of appeal. In addition, the rule provides that appeals as of right lie only in those circumstances specified in the subdivision.

Tenn. R. App. P. 3(c), Advisory Comm. Cmt.

- 3 -

In its reply brief, the State points to numerous cases in which this court has reviewed appeals by the State of dismissals of habitual motor vehicle offender (HMVO) petitions. *See State v. Gross*, 673 S.W.2d 552, 553 (Tenn. Crim. App. 1984); *State v. James E. Thompson*, No. 02C01-9706-CC-00213, 1998 WL 281939, at *1 (Tenn. Crim. App. June 2, 1998); *State v. Earl Stanley Williams*, No. E2001-01675-CCA-R3-CD, 2002 WL 489124, at *1 (Tenn. Crim. App. Apr. 2, 2002), *no perm. app. filed*; *State v. Daniel Henley*, No. W2001-02962-CCA-R3-CD, 2002 WL 31259483, at *1 (Tenn. Crim. App. Aug. 27, 2002), *no perm. app. filed*; *State v. Daniel Cleveland and Matthew Harville*, No. W2004-02892-CCA-R3-CD, 2005 WL 1707975, at *1 (Tenn. Crim. App. July 21, 2005), *no perm. app. filed*. The State asserts that this court should consider its appeal based on the precedent set by these prior cases. However, these cases do not specifically analyze whether the State had an appeal as of right under Tennessee Rule of Appellate Procedure 3(c) from the dismissal of an HMVO petition. Thus, we note that this is an issue of first impression for this court.

In determining whether the State had a direct appeal as of right from an expungement order, our supreme court stated the following:

> [I]t is clear that Rule 3(c) grants the State the authority to appeal as of right only in a limited number of circumstances. The plain language of the rule enumerates the six instances in which the State may appeal as of right and states that they are the "only" instances that give the State such a right. Tenn. R. App. P. 3(c). Moreover, by listing the specific circumstances that give the State the right of appeal under Rule 3(c), the rule "excludes other [circumstances] that are not mentioned."

*State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002) (quoting *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001)) (second alteration in original), *superseded on other grounds by* Tenn. Code Ann. § 40-32-101. Additionally, our supreme court noted that Tennessee Rule of Appellate Procedure 3 became effective after the statute permitting expungement of public records became effective and that "[w]hen interpreting statutes, [the supreme court] notes that 'the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation.'" *Id.* at 400-401 (quoting *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994)). The Tennessee Supreme Court concluded that the Tennessee General Assembly "specifically chose to allow neither the State nor a criminal defendant an appeal as of right under Rule 3 from an unfavorable ruling concerning an expungement order." *Id.* at 401.

Despite this court's prior consideration of State appeals from the denial of HMVO petitions, we conclude that the State does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(c) to appeal the dismissal of an HMVO petition. *See State*

- 4 -

*v. Cody Matthew Headrick*, No. E2008-02598-CCA-MR3-CD, 2009 WL 4505440, at *6-8 (Tenn. Crim. App. Dec. 4, 2009), *perm. app. denied* (Tenn. May 12, 2010) (concluding that the State did not have a Rule 3 appeal from the trial court's order granting pretrial diversion even though the court had previously considered such appeals). The State argues that its appeal as of right in this case falls under Tennessee Rule of Appellate Procedure 3(c)(1), which includes an appeal from an order or judgment entered by a trial court "the substantive effect of which results in dismissing an indictment, information, or complaint[.]" However, a plain language reading of subsection 3(c)(1) leads us to conclude that an appeal from the dismissal of a HMVO petition does not fall under Rule 3(c)(1). The substantive effect of the trial court's order dismissing the State's petition did not result in the dismissing of an indictment, information, or complaint. The State's petition would clearly not be categorized as an indictment or information. Tennessee Rule of Criminal Procedure 3 defines an affidavit of complaint as "a statement alleging that a person has committed an offense[]" that must "allege the essential facts constituting the offense charged." Tenn. R. Crim. P. 3(c). Here, the State's petition did not allege that the Defendant committed an offense; instead, it sought to declare the Defendant's status as an HMVO. An appeal from the dismissal of an HMVO petition is not specifically enumerated in Tennessee Rule of Appellate Procedure 3(c); thus, under *Adler*, 92 S.W.3d at 400, the State does not have an appeal as of right from the trial court's order in this case. Therefore, based on the supreme court's precedent in *Adler* and our plain language reading of Tennessee Rule of Appellate Procedure 3(c), the State does not have an appeal as of right from the dismissal of its petition.

Additionally, the MVHO Act does not provide a method of appeal for the State. In section 55-10-614(a) of the MVHO Act, the Tennessee General Assembly specifically provided that "[t]he *defendant* may appeal to the court of criminal appeals any final action or judgment entered under this part, *in the same manner and form as appeals in criminal matters are heard*." Tenn. Code Ann. § 55-10-614(a) (emphasis added). The MVHO Act did not include a similar provision providing an appeal by the State. "[W]hen interpreting statutes, [the supreme court] has routinely followed the Latin maxim of *expressio unius est exclusio alterius*, meaning 'the expression of one thing implies the exclusion of all things not mentioned.'" Adler, 92 S.W.3d at 400 (quoting Limbaugh v. Coffee Medical Center, 59 S.W.3d 73, 84 (Tenn. 2001)). By expressing a method of appeal for the defendant, the statute implies an exclusion of an appeal by the State.

We disagree with the trial court's conclusion that the MVHO Act is penal in nature. *See Goats v. State*, 364 S.W.2d 889, 891 (1963) (The "revocation [of a license to operate a motor vehicle upon the highways] is not a penalty), *see also State v. Conley*, 639 S.W.2d 435, 437 (Tenn. 1982) (citing *Helvering v. Mitchell*, 303 U.S. 391, 399-401 (1938)) ("the revocation of all driving privileges of one declared to be an habitual offender under the motor vehicle habitual offender act 'is nothing more than deprivation of a privilege, is 'remedial in nature' and is not intended to have the effect of imposing

'punishment' in order to vindicate public justice."). We also disagree that the act is ambiguous. *See State v. Sammy L. Golden*, No. 02C01-9611-CR-00393, 1997 WL 564261, at \*2 n.1 (Tenn. Crim. App. Sept. 10, 1997) (noting that section 55-10-618(a) "simply provide[s] an alternative procedure; the State may still pursue this classification of the offender in a separate proceeding[]"), *no perm. app. filed*. However, because we have concluded that the State does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(c) from the dismissal of a petition to declare a defendant an HMVO, we dismiss the State's appeal.

## III. Conclusion

For the aforementioned reasons, the State's appeal is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE