**STATE of Tennessee, Appellant,**

v.

**Walter S. CAMPBELL, Appellee.**

Supreme Court of Tennessee.

Nov. 22, 1982.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, for appellant.

James R. Moore, Walter B. Johnson, Knoxville, for appellee.

OPINION

DROWOTA, Justice.

The sole issue on this appeal is whether the Court of Criminal Appeals was in error in holding that, where the prosecuting instrument is a warrant, the ultimate disposition of the case must be on that charging instrument; and the State cannot prosecute a defendant on a presentment (or indictment) after the dismissal of the warrant. We granted the State's Rule 11 application for permission to appeal in order to determine the propriety of bringing a presentment against a defendant, after the trial judge's dismissal of what he termed a warrant that was void initially because of the general sessions court judge's failure to sign the warrant.

On October 10, 1979, at 3:15 A.M., the defendant, Walter Campbell, was arrested for driving while intoxicated. He was taken to jail, booked, photographed, and fingerprinted and allowed to make a phone call. He was not "immediately taken before a magistrate or judge" for an initial appearance, as required by T.C.A. § 55–10–203(a)(3).[1] An appearance bond in the amount of $200 was made at 10:06 A.M. the same morning, and he was released. On October 10, the general sessions court issued a warrant which contained an affidavit of complaint of the arresting officer. However, the affidavit had not been sworn to as required by Rule 3 of the Tennessee Rules of Criminal Procedure.

Defendant's trial date was originally set for October 18. On that date, the warrant was unsigned by any magistrate or court clerk, as required by Rule 4(c)(1), Tenn.R. Crim.P. The case was continued four times and was ultimately heard on January 16, 1980, and on that date, the warrant was signed by the judge of the general sessions court. The Defendant, after signing a waiver of his right to be tried on a present-

ment or indictment, and his right to a jury trial, submitted the judgment in the case to the jurisdiction of the general sessions court as provided in Rule 5(c)(2), Tenn.R.Crim.P., and entered a plea of not guilty. The Defendant was then tried and found guilty of driving while intoxicated and received a two-day suspended sentence and fined $50 and costs.

The Defendant appealed his conviction, as permitted by Rule 5(c)(2), for a trial *de novo* in the Criminal Court. In that court, Defendant moved to dismiss on two grounds: (1) that the general sessions judge had not timely signed the arrest warrant, in violation of Rule 4(c)(1), and (2) that the Defendant had not been taken immediately before a magistrate or judge after his arrest, in violation of T.C.A. § 55–10–203.

At that hearing, the prosecutor admitted that the warrant upon which the prosecution was proceeding was void, not only because of the absence of a magistrate's signature, but because the officer was not sworn at the time the warrant was signed, in violation of Rule 3. He argued, however, that Defendant's decision to make a plea and go to trial with counsel waived the defect and validated the instrument.

Both the prosecutor and the trial judge complained on the record about the widespread failure of the general sessions judges to sign warrants, thereby leading to the problem presented in this case. The trial judge stated that he was "appalled by reason of the fact that so many of these cases end up here, wherein warrants are issued and no judge executes the affidavit." He, therefore, ruled: "I think if they are void initially—and they are—then they are void for all intents and purposes. For that reason, the Court is going to sustain the motion to dismiss, because these matters are matters that are of too serious a nature to condone in any way by this Court. Those

---

1. The 1980 legislature amended T.C.A. § 55–10–203 by substituting the words "without unnecessary delay" for the word "immediately," to be effective July 1, 1980. T.C.A. § 55–10–

203 (Supp.1980). This amendment brought the statute into conformity with Rule 5(a), Tenn.R. Crim.P., which rule was in effect at the time of Defendant's arrest.

sessions court judges have a duty to perform, and they just don't do it."

After the motion to dismiss was sustained, the State indicated its decision to appeal the ruling. Ultimately, however, the State did not appeal, but instead obtained a presentment against Defendant on April 14, 1980, charging the Defendant with the offenses of driving while intoxicated (second offense) and reckless driving. Thereafter, the Defendant filed a motion to dismiss the presentment. The motion to dismiss was heard on May 30, 1980. The motion was based not only upon the failure to take the Defendant before a magistrate after his initial arrest, but also upon double jeopardy grounds. The trial judge sustained the motion and dismissed the presentment. The State appealed this ruling to the Court of Criminal Appeals.

The majority opinion of the Court of Criminal Appeals affirmed the dismissal of the presentment, holding, *inter alia,* that since the State had elected not to object to Defendant's waiver of grand jury action under Rule 5(c)(2), it had in effect made an irrevocable agreement that it would not prosecute Defendant upon any charging instrument other than the warrant. The majority stated, "once the die is cast in sessions court that the prosecuting instrument in a case is to be a warrant rather than an indictment or presentment, then the ultimate disposition of the case has to be on that charging instrument." [2]

Judge Cornelius, in his dissent, argued that the Defendant himself broke this agreement by taking action which invalidated the warrant.

We are of the opinion that the agreement could be valid only as long as the warrant and its ensuing and related prosecution were valid. In the general sessions court the Defendant and State proceeded to trial on the faulty charging instrument. The

predicate for such an "agreement" is a valid warrant as the charging instrument. If that warrant is void, the agreement is invalidated along with it. At that point, all that remains is the Defendant's liability for his offense and the decision of the State as to how to prosecute him. As noted in the dissenting opinion, it was the decision of the Defendant to seek voidance of the warrant, and without the warrant, there was nothing on which to base a Rule 5 waiver. The Defendant would have the right to waive indictment if he were reprosecuted upon a new warrant; but the State did not offer him that opportunity.

The State, at the time it decided to obtain the presentment, was faced with an unsigned and unsworn and thus void warrant, and a violation of the statutory requirement of taking an arrestee immediately before a magistrate. The Criminal Court had ruled that the warrant was void.

Under these circumstances, the Court of Criminal Appeals held that the only option open to the State was to appeal. We agree that this option existed and that the State may well have prevailed. In *Murff v. State,* 221 Tenn. 111, 425 S.W.2d 286 (1967), this Court held that when a warrant is subject to dismissal on technical grounds, it can be amended or substituted:

"As a general rule the complaint, affidavit, warrant or information may ·be amended on the appeal, or a new complaint or information filed."

221 Tenn. at 116, 425 S.W.2d at 288.

The *Murff* court further held:

"It is argued this is the first case in Tennessee holding that a criminal warrant can be amended. The Court recognizes this is so. There is, likewise, no opinion to the contrary. This opinion was written for the purpose of remedying this situation. This Court concluded by reasoning parallel to that on which we have

---

**2.** In *Waugh v. State,* 564 S.W.2d 654 (Tenn. 1978), this Court held that the defendant could properly be charged by the grand jury even after his original charging instrument, a warrant, had been dismissed because the preliminary hearing following his arrest had been improperly conducted.

held presentments and indictments may be amended or substituted, and in the interests of the same public policy served thereby, that the time had come to declare that arrest warrants should be subject to amendment and to substitution, so as to defeat their dismissal upon technical grounds."

221 Tenn. at 122, 425 S.W.2d at 290.

■ The failure to bring the Defendant before a magistrate, as provided by T.C.A. § 55–10–203(a)(3), results only in release from custody of an accused who is still in jail when the issue is raised, or results in possible exclusion of evidence, *e.g.,* a confession that occurs during the delay. In short, the delay has no consequence in the law unless the defendant is prejudiced by it. *See U.S. v. Johnson,* 540 F.2d 954 (8th Cir., 1976); *Hitchcock v. U.S.,* 580 F.2d 964 (9th Cir.1978); *O'Neal v. U.S.,* 411 F.2d 131 (5th Cir., 1969); *Gottfried v. People,* 158 Colo. 510, 408 P.2d 431 (1965); 8 *Moore's Federal Practice,* ¶ 5.02[1] (2d ed. 1981); Wright, *Federal Practice and Procedure,* §§ 71–82 (1969).

While we agree that the State had a right to appeal, and may have prevailed, we also agree with the dissent that the State, under these particular circumstances, was not required to appeal, and had the right to take another alternative, that being grand jury action.

■ Inasmuch as the Criminal Court had ruled that the warrant was void *ab initio,* and thus, in effect, never existed, and as a consequence, the proceedings and judgment which followed were, therefore, invalid, there was no constitutional barrier to continue prosecution of the Defendant. Defendant contended below that retrial on the presentment would subject him to double jeopardy. But in a case where the defendant seeks and obtains the invalidation of the judgment and dismissal is based on technical or procedural grounds, there is no former jeopardy problem in retrial. *See U.S. v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57

L.Ed.2d 65 (1978), in which the Court described the following as one of the two "venerable principles of double jeopardy jurisprudence":

"The successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict [citation omitted], poses no bar to further prosecution on the same charge."

437 U.S. at 90–91, 98 S.Ct. at 2193, 57 L.Ed.2d at 74. *See also State v. Longstreet,* 619 S.W.2d 97, 100 (Tenn.1981) and *Tibbs v. Florida,* —— U.S. ——, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982) (in which the U.S. Supreme Court held that the double jeopardy clause does not bar retrial of a state conviction where reversal is predicated on the "weight," rather than the "sufficiency" of the evidence).

■ Faced, therefore, with a void warrant which invalidated the judgment and proceedings against Defendant, and with no constitutional hurdles blocking the way, the State in effect had been given a clean slate in its efforts to prosecute the Defendant. There is no Tennessee law which requires any particular form of prosecution in such a situation, and it is left to the State to either obtain another warrant, or to obtain an indictment or presentment. The State chose the latter procedure in order to cure all defects emanating from the first arrest and charging procedure.

Defendant's motion to dismiss the presentment should have been denied. The judgment of the trial court and Court of Criminal Appeals is reversed and the cause remanded for further proceedings upon the merits of the charges contained in the presentment.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.