IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION

FILED

March 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9609-CR-00350 |
| | ) | ANDERSON COUNTY |
| | ) | |
| Appellant, | ) | Hon. James B. Scott, Judge |
| | ) | |
| vs. | ) | (DRIVING UNDER THE |
| | ) | INFLUENCE) |
| | ) | Nos. 95CR063 & 95CR0284 |
| MICHAEL D. LEACH, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

CHARLES W. BURSON
Attorney General & Reporter

SANDY R. COPOUS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

JAMES N. RAMSEY
District Attorney General

JAN HICKS
Assistant District Attorney General
127 Anderson County Courthouse
Clinton, TN 37716

FOR THE APPELLEE:

MICHAEL G. HATMAKER
P.O. Box 417, 571 Main Street
Jacksboro, TN 37757

OPINION FILED:_____

REVERSED AND REMANDED

CORNELIA A. CLARK
Special Judge

The State of Tennessee appeals from the action of the Anderson County Criminal Court dismissing the indictment against the appellee for driving under the influence of an intoxicant. The trial court held that defendant's prosecution violated his right against double jeopardy. The judgment of the trial court is reversed.

The procedural history of this case is complicated. On October 2, 1994, pursuant to a valid warrantless arrest, the defendant Michael D. Leach was charged with driving under the Influence of an Intoxicant. The arresting officer used a citation form identifying the defendant, the vehicle, the date and time of the offense, the name of the offense, and the fact that defendant registered a blood alcohol level of .20. The citation did not set out any narrative facts of the offense. It was apparently issued in violation of Tenn. Code Ann. §40-7-118.

On January 3, 1995, the arresting officer filed an Affidavit of Complaint in the Anderson County General Sessions Court. That affidavit set forth the date of the offense, the charge for which the defendant was arrested, the defendant's blood alcohol level, and a narrative of the facts underlying the arrest. The affidavit did not state the name of the defendant, but did contain a notation to "see cit," apparently referring to the citation issued on the night of the arrest.

The defendant waived his right to trial by jury, entered a plea of not guilty, and commenced the trial of his case in general sessions court. By agreement with the State, defendant waived the right to a *de novo* appeal on the merits, but reserved the right to appeal any technical defects. After the first witness was sworn the defendant filed a motion to dismiss based on the insufficiency of the charging instrument. The judge denied the motion, heard the proof in the case, and found the defendant guilty of driving under the influence of an intoxicant. The defendant appealed his case to the Anderson County Criminal Court.

On June 23, 1995, the trial court conducted a *de novo* hearing on the

sufficiency of the charging instrument. The trial court ruled that the citation did not constitute a legal charging instrument. The court further found that the Affidavit of Complaint, which constituted the charging instrument, was insufficient because it did not contain the name of the defendant. On July 11, 1995, the trial court entered an order dismissing the charge against the defendant. No appeal was taken from that decision.

On August 1, 1995, the State submitted the case to the grand jury, and the grand jury returned the indictment in this case charging the defendant with driving under the influence of an intoxicant. The defendant again filed a motion to dismiss, asserting that prosecution was barred based on principles of double jeopardy. He claimed that jeopardy initially attached in general sessions court. A hearing was conducted July 15, 1996 and the trial court agreed with his position and dismissed the indictment in this case.

The law is well settled that jeopardy generally attaches in a court of competent jurisdiction when the first witness in a bench trial is sworn. State v. Daniels, 531 S.W. 2d 795 (Tenn. Crim. App. 1975). However, no valid prosecution can occur if the charging instrument is insufficient. State v. Morgan, 598 S.W. 2d 796 (Tenn. Crim. App. 1979). Therefore, if a charging instrument is insufficient, no offense has been charged and any subsequent proceedings on the instrument are a nullity. State v. Perkinson, 867 S.W. 2d 1, 6 (Tenn. Crim. App. 1992).

Our decision in this case is governed by State v. Campbell, 641 S.W. 2d 890 (Tenn. 1982). In that case the defendant was convicted in general sessions court of the offense of driving while intoxicated. On appeal to the Criminal Court, the defendant filed a motion to dismiss on the grounds that the arrest warrant was void because it lacked a magistrate's signature. The trial court agreed. The State then obtained a grand jury presentment on the same charge. The defendant filed a motion to dismiss the presentment on double

3

jeopardy grounds. The trial court agreed and dismissed the presentment. This court affirmed the decision of the trial court. The Supreme Court reversed, holding that since the initial warrant was void, all the proceedings

and the judgment that followed were invalid.  The Court concluded that "in a case where the defendant seeks and obtains the invalidation of the judgment and dismissal is based on technical or procedural grounds, there is no former jeopardy problem in retrial."  Campbell, 641 S.W. 2d at 893.         The decision in Campbell controls this case.  Neither party contends that the initial charging instrument was valid.  Because that instrument was void, all proceedings instituted under it were invalid.  Jeopardy has not attached in this case, and the subsequent indictment is valid.

For the reasons set forth above, we reverse the decision of the trial court.  The case is remanded for further proceedings consistent with this opinion.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE