IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

April 20, 1999

Cecil W. Crowson
Appellate Court Clerk

GRANT C. IVEY,                    )
                                  )
              Appellant,          )        No. 01C01-9801-CC-00052
                                  )
                                  )        Rutherford County
v.                                )
                                  )        Honorable J. S. Daniel, Judge
                                  )
STATE OF TENNESSEE,               )         (Post-Conviction)
                                  )
              Appellee.           )


For the Appellant:                    For the Appellee:

Gerald L. Melton                      John Knox Walkup
District Public Defender              Attorney General of Tennessee
201 West Main Street                         and
Murfreesboro, TN 37130                Elizabeth B. Marney
(AT TRIAL)                            Assistant Attorney General of Tennessee
                                      425 Fifth Avenue North
Grant C. Ivey, Pro se                 Nashville, TN 37243-0493
Turney Center Unit 3
Route 1                               William C. Whitesell, Jr.
Only, TN 37140-9709                   District Attorney General
                                      Judicial Bldg., Ste 303
                                      20 N. Public Square
                                      Murfreesboro, TN 37130




OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Grant C. Ivey, pro se, appeals as of right from the Rutherford County Circuit Court's order dismissing his petition for post-conviction relief. He contends (1) that his convictions upon guilty pleas to two counts of attempt to commit second degree murder and to especially aggravated robbery violate the Double Jeopardy Clause of the United States Constitution and (2) that he received the ineffective assistance of counsel when counsel advised him to plead guilty. The trial court dismissed the petition for being untimely filed and for the petitioner failing to allege or show any basis for relief. Although we conclude that the petition was filed timely, we hold that no violation of the Double Jeopardy Clause has been shown.

The record reflects that the petitioner was originally prosecuted for and convicted of especially aggravated robbery and two counts of attempt to commit felony murder. Pending his sentencing hearing, the Tennessee Supreme Court rendered an opinion holding that the offense of attempt to commit felony murder did not exist in Tennessee. See State v. Kimbrough, 924 S.W.2d 888, 892 (Tenn. 1996). The trial court set the petitioner's case for retrial for two counts of attempt to commit second degree murder, but pursuant to a plea bargain, the petitioner entered guilty pleas to two counts of attempt to commit second degree murder. The petitioner received concurrent ten-year sentences, to be served consecutively to the twenty-five-year sentence he accepted for the especially aggravated robbery conviction.

At the post-conviction evidentiary hearing, the petitioner testified that his trial attorney should have told him about his right not to be tried again and should not have advised him to plead guilty. He said that he wanted a reduction in his sentence. At that point, the district attorney general moved to dismiss the petition because it was untimely filed and because the petitioner had not proven any ground for relief existed.

2

The district attorney general stated that the judgments of conviction were entered on September 3, 1996, and that the petition was filed on September 4, 1997, outside the one-year time limit. See Tenn. Code Ann. § 40-30-202(a). The trial court granted the motion on both grounds.

First, we believe that the record reflects that the petition was filed within the one-year time limit. Although the trial court clerk's stamp shows that the petition was filed in the clerk's office on September 4, 1997, the petitioner's certificate of service asserts that the petition was delivered to the prison post office pursuant to the "Post Office Box Deposit Rule" on September 2, 1997. Two rules exist regarding the petitioner's filing of his petition for post-conviction relief. Pursuant to Rule 28, § 2 (G), Rules of the Supreme Court of Tennessee, filing of a post-conviction petition by a pro se incarcerated petitioner is complete "when it is received by the appropriate prison authorities for mailing." Pursuant to Rule 49(c), Tenn. R. Crim. P., a post-conviction petition prepared by or on behalf of a pro se litigant is deemed filed timely "if the papers are delivered to the appropriate individual at the correctional facility within the time fixed for filing." Thus, the record before us does not support the trial court's conclusion that the petition was untimely filed.

As for the petitioner's substantive claims, they are primarily based upon his contention that after he was tried and convicted, the Double Jeopardy Clause prevented his reprosecution. However, the Double Jeopardy Clause does not bar retrial in certain circumstances. For instance, if a defendant is successful in seeking reversal of a conviction, double jeopardy does not bar retrial. See United States v. Tateo, 377 U.S. 463, 465, 84 S. Ct. 1587, 1589 (1964); State v. Longstreet, 619 S.W.2d 97, 100-101 (Tenn. 1981). Also, the Double Jeopardy Clause does not bar retrial when the original conviction is deemed void because of some fundamental defect in the jurisdiction of the case. See United States v. Scott, 437 U.S. 82, 90-91, 98 S. Ct.

3

2187, 2193 (1978); State v. Campbell, 641 S.W.2d 890, 893 (1982). The petitioner was charged, prosecuted, and convicted by a jury for an offense that did not exist. Relative to the charges of attempt to commit felony murder, the case was a nullity. Under these circumstances, the petitioner could lawfully be prosecuted for attempt to commit second degree murder. See, e.g., State v. Richard Madkins, No. 02-S-01-9805-CR-00046, Shelby County (Tenn. Mar. 22, 1999) (for publication).

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Norma McGee Ogle, Judge

4