# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 5, 2008

## JASON SETTLES v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Shelby County
### Nos. 03-00225; 03-08307; 04-01478    Carolyn Wade Blackett, Judge

### No. W2008-00370-CCA-R3-PC  - Filed April 15, 2009

The petitioner, Jason Settles,[1] pled guilty in the Shelby County Criminal Court to attempted first degree murder, aggravated burglary, aggravated robbery, and two counts of aggravated assault.  He received a total effective sentence of 13.5 years in the Tennessee Department of Correction. Subsequently, he filed a petition for post-conviction relief which the post-conviction court summarily dismissed for failure to state a claim upon which post-conviction relief could be granted. After the petition was dismissed, the petitioner filed a "Motion for Reconsideration to Re-Open Post Conviction Petition."  The post-conviction court denied the motion.  On appeal, the petitioner challenges the dismissal of both his original petition and his motion to amend or reopen his post-conviction petition.  Upon our review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Jason Settles, Whiteville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Tracye N. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

---

[1] In the record, the petitioner's name is also spelled "Jason Settle."  However, we will utilize the spelling contained in his post-conviction petition.

In November 2002, the Shelby County Grand Jury returned an indictment charging the petitioner with one count of attempted first degree murder and one count of aggravated assault, both of which were committed on July 17, 2002. In November 2003, the petitioner was indicted on two counts of aggravated robbery committed on August 16, 2002. In January 2004, the petitioner was indicted on aggravated burglary and aggravated assault committed on March 23, 2000. Thereafter, on February 6, 2006, the appellant entered guilty pleas to attempted first degree murder, aggravated burglary, aggravated robbery, and two counts of aggravated assault. The plea agreement provided that the petitioner's total effective sentence was 13.5 years and that the total fine imposed was $700.

On January 31, 2007, the petitioner filed a petition for post-conviction relief, alleging that his conviction for the March 23, 2000 aggravated assault violated double jeopardy, that the juvenile court had no jurisdiction to transfer the contested aggravated assault conviction to the Shelby County Criminal Court, that his guilty plea on that offense was unknowingly and involuntarily entered because he was unaware that the conviction violated double jeopardy and that the trial court had no jurisdiction over that crime, and that the sentences imposed violated statutory provisions mandating consecutive sentencing. On September 21, 2007, the post-conviction court entered an order finding that the petitioner failed to state a claim upon which post-conviction relief could be granted and dismissed the petition.

On October 12, 2007,[2] the petitioner filed a "Motion for Reconsideration to Re-Open Post Conviction Petition," in which he asked the post-conviction court to reconsider the dismissal of his original petition and allow him to reopen his petition so that he could amend his issues to include ineffective assistance of counsel, additional allegations regarding the knowing and voluntary nature of his plea, a challenge to his competency to plead guilty, the defectiveness of the indictment, and a violation of the plea bargain by the State.

On October 22, 2007, the petitioner filed in the post-conviction court a notice of appeal, challenging the court's dismissal of his petition for post-conviction relief. On December 17, 2007, the post-conviction court entered an order, finding that the petitioner failed to meet the requirements for reopening his post-conviction petition. On December 26, 2007, the petitioner filed a second notice of appeal, challenging the denial of his motion to reopen his post-conviction petition.[3]

## II. Analysis

Initially, we note that "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). To obtain relief, the petition for post-conviction relief must be filed

---

[2] This petition has two stamped file dates: October 12, 2007, and October 22, 2007. There is nothing in the record to explain why there are two filing dates.

[3] The petitioner's complaints regarding the dismissal of his original petition and his motion to reopen were consolidated on appeal.

within one year of the date of the final action in the case. Tenn. Code Ann. § 40-30-102(a) (2006); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The petition must contain "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn.Code Ann. § 40-30-106(d) (2006).

Once a petition is timely filed, the trial court must determine whether the petition asserts a colorable claim for post-conviction relief. Supreme Court Rule 28 § 2(h) defines a colorable claim as "a claim that, if taken as true, in the light most favorable to the petitioner, would entitle the petitioner to relief under the Post-Conviction Procedure Act." If the facts alleged in the petition, taken as true, fail to state a colorable claim, then summary dismissal is appropriate. State v. Arnold, 143 S.W.3d 784, (Tenn. 2004). Whether a post-conviction petition was properly dismissed is a question of law that this court reviews de novo. State v. Burnett, 92 S.W.3d 403, 406 (Tenn. 2002).

In the instant case, the post-conviction court examined each of the claims raised by the petitioner. We will address each of these issues in turn. The petitioner's first claim was that his conviction for the March 23, 2000 aggravated assault violated double jeopardy. In support of his claim, the petitioner said that his first conviction for aggravated assault was later held void ab initio because the court discovered that the petitioner was seventeen years old at the time of the offense. The petitioner argued that further prosecution on the same charge violated the constitutional protections against double jeopardy.

The double jeopardy clauses of the United States and Tennessee Constitutions protect an accused from: (1) a second prosecution following an acquittal; (2) a second prosecution following conviction; and (3) multiple punishments for the same offense. State v. Denton, 938 S.W.2d 373, 378 (Tenn.1996). However, the double jeopardy clauses do not bar retrial in certain circumstances, such as when an "original conviction is deemed void because of some fundamental defect in the jurisdiction of the case." Grant C. Ivey v. State, No. 01C01-9801-CC-00052, 1999 WL 228271, at *2 (Tenn. Crim. App. at Nashville, Apr. 20, 1999). In other words, when a conviction is found to be void ab initio, it "thus, in effect, never existed," and, therefore, there is no constitutional barrier to subsequent prosecution. State v. Campbell, 641 S.W.2d 890, 893 (Tenn. 1982). Regardless, this court has previously held that raising double jeopardy in a post-conviction action when a petitioner has "fail[ed] to present such a claim for determination in any proceeding before a court of competent jurisdiction in which the claim could have been presented waives the claim for post-conviction purposes." Sean Earl Jones v. State, No. M2006-00664-CCA-R3-PC, 2007 WL 1174899, at *7 (Tenn. Crim. App. at Nashville, Apr. 20, 2007), perm. to appeal denied, (Tenn. 2007); see also Tenn. Code Ann. § 40-30-106(g) (stating that generally "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented"). Therefore, the petitioner is not be entitled to post-conviction relief upon this ground.

As his second issue, the petitioner contended that the juvenile court did not have authority pursuant to Tennessee Code Annotated section 37-1-134(a)(1) to transfer his case to criminal court, and that, therefore, the criminal court did not have authority to convict or sentence him for the March

23, 2000 aggravated assault. On appeal, the State argues that while Tennessee Code Annotated section 37-1-134(a)(1) provides that a juvenile under sixteen years of age may be transferred to criminal court for only certain crimes, "there is no such prohibition when the defendant, as in this case, is 17 years of age."[4]

We note that if a court lacks jurisdiction to convict or sentence a defendant, the conviction or sentence is void and is therefore properly the subject of a post-conviction or habeas corpus action. See Tenn. Code Ann. § 40-30-103 (2006); Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000). However, our review of the issue reveals that the petitioner has misconstrued Tennessee Code Annotated section 37-1-134(a)(1). As the State notes, the statute provides that the case of a minor shall be disposed like that of an adult if "[t]he child was sixteen (16) years or more of age at the time of the alleged conduct, or the child was less than sixteen (16) years of age" and committed certain enumerated offenses. Tenn. Code Ann. § 37-1-134(a)(1) (emphasis added). By the petitioner's own admission, he was seventeen years old at the time of the aggravated assault; therefore, he does not fall under the part of the statute which requires the offenses to be one of certain offenses before a transfer may be authorized. Id. Instead, the petitioner's age at the time of the offense permitted his case to be properly transferred to criminal court. Therefore, even in the light most favorable to the petitioner, this ground is not a colorable claim for post-conviction relief.

The petitioner also alleged that his plea of guilty to the March 23, 2000 aggravated assault was not knowingly or voluntarily entered because he was unaware that the conviction violated double jeopardy or that the juvenile court therefore lacked jurisdiction to transfer the case to the criminal court. The post-conviction court stated that the petitioner "failed to supply the Court with a factual basis for his bare assertion that his guilty plea was not knowing and voluntary" and therefore found that issue to be subject to dismissal.

Our review reveals that the petitioner did supply a factual basis for his claim that his plea was not knowingly and voluntarily entered; he basically argued that his first two issues rendered his plea unknowing and involuntary. As we have noted, there is no merit to the petitioner's first two issues. Ergo, even in the light most favorable to the petitioner, there is no basis warranting post-conviction relief for his complaint that his guilty plea was not knowingly and voluntarily entered. Therefore, the post-conviction court properly found that this issue was subject to dismissal.

---

[4] Tennessee Code Annotated section 37-1-134(a)(1) provides that a child's case shall be disposed as if the child were an adult if:

> (1) The child was sixteen (16) years or more of age at the time of the alleged conduct, or the child was less than sixteen (16) years of age if such child was charged with the offense of first degree murder, second degree murder, rape, aggravated rape, rape of a child, aggravated robbery, especially aggravated robbery, kidnapping, aggravated kidnapping or especially aggravated kidnapping or an attempt to commit any such offenses. . . .

As the final issue in his original post-conviction petition, the petitioner claims that he was on probation for the March 23, 2000 aggravated assault when he was charged with his remaining offenses. Therefore, he argues that the concurrent sentencing imposed by the trial court was illegal as it was in direct contravention of Tennessee Code Annotated section 40-35-115(b)(6) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which the petitioner contends mandate consecutive sentencing. The post-conviction court found that, contrary to the petitioner's assertion, Tennessee Code Annotated section 40-35-115(b) provides for discretionary consecutive sentencing; therefore, the petitioner's sentences were not imposed in direct contravention of a statute. We agree with the post-conviction court. Tennessee Code Annotated section 40-35-115 provides:

> (b) The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that:
>
> . . . .
>
> (6) The defendant is sentenced for an offense committed while on probation. . . .

Therefore, the post-conviction court correctly stated that, according to the statute, consecutive sentencing is discretionary, not mandatory. Additionally, the petitioner's convictions do not fall under any of the provisions for mandatory consecutive sentencing set forth in Rule 32(c)(3) of the Tennessee Rules of Criminal Procedure. Accordingly, the post-conviction court correctly found that the petitioner again failed to state a claim upon which post-conviction relief could be granted. Thus, the post-conviction court properly dismissed the petitioner's post-conviction petition.

After the post-conviction court dismissed the original petition, the petitioner filed a "Motion for Reconsideration to Re-Open Post Conviction Petition." While the motion was pending, the petitioner filed in the post-conviction court a notice of appeal, challenging the court's dismissal of his petition for post-conviction relief. It is well-settled that, unless the motion is one of those specified in Rule 4 of the Tennessee Rules of Appellate Procedure, "[t]he jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). To that end, "[o]nce the trial court loses jurisdiction, it generally has no power to amend its judgment." Id. Therefore, once the petitioner filed his notice of appeal, the post-conviction court lost jurisdiction to rule upon the petitioner's motion to reconsider or reopen the petition. Regardless, as the post-conviction court found, the petitioner cited no ground upon which his post-conviction petition could be reopened.[5]

---

[5] Tennessee Code Annotated section 40-30-117(a) (2006) provides that a petitioner may file a motion to reopen the first post-conviction petition only if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required . . . ; or

## III. Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

---

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.