IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2012

## BOBBY LEE SCALES, JR. v. DWIGHT BARBEE, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6534     Joseph H. Walker, Judge**

_____

**No. W2012-00163-CCA-R3-HC  - Filed September 12, 2012**

_____

Petitioner, Bobby Lee Scales, Jr., filed a *pro se* petition for habeas corpus relief attacking two convictions of theft in Davidson County and one conviction of theft in Williamson County. The habeas corpus trial court dismissed the petition without an evidentiary hearing, and Petitioner appeals. After a thorough review of the record and the briefs, we affirm the judgment of the habeas corpus trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Bobby Lee Scales, Jr., Henning, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 1, 2010, Petitioner pled guilty in the Davidson County Criminal Court to Class D felony theft in case number 2010-A-50 and received a sentence of three years as a Range III persistent offender. On the same date, he pled guilty to a separate Class D felony theft in Davidson County in case number 2010-A-1334 and received a sentence of five years as a Range III persistent offender. The judgments ordered these two sentences to be served consecutively to each other, for an effective sentence of eight years. On October 4, 2010, Petitioner pled guilty in Williamson County Circuit Court to another Class D felony theft in case number II-CR054928 and received a sentence of five years as a Range II multiple

offender. The Williamson County sentence was ordered to be served concurrently with the effective sentence of eight years in Davidson County cases numbered 2010-A-50 and 2010-A-1334.

Copies of all three judgments were attached to the petition. There is nothing on the face of the judgments to indicate that the concurrent sentencing violated any law mandating consecutive sentencing. The only indictment attached by Petitioner was the indictment in Davidson County case number 2010-A-1334. The pertinent language of that indictment charges that Petitioner and his co-defendant,

> on the 6th day of March, 2010, in Davidson County, Tennessee and before the finding of this indictment, knowingly, did obtain or exercise control over certain property, to wit: I-pods, of the value of $1,000 or more but less than $10,000, the property of Electronic Express, without the effective consent of Electronic Express with the intent to deprive Electronic Express of the property, in violation of Tennessee Code Annotated § 39-14-103 and against the peace and dignity of the State of Tennessee.

The indictment was returned by the Davidson County Grand Jury on May 28, 2010. Petitioner also attached to his petition an unsigned copy of the affidavit of complaint/arrest warrant for the March 6, 2010 theft from Electronic Express. This document has a printed date of March 17, 2010, with printed names of the affiant and the judicial commissioner. All it lacks is the signatures of these individuals. Nevertheless, the copy of the indictment shows that it was properly filed after being signed by the District Attorney General and the Grand Jury Foreperson. Any defects in an arrest warrant as to the criminal proceedings are cured by issuance of an indictment. *See Danny Ray Meeks v. State*, No. 01C01-9709-CC-00387, 1998 WL 748676, at *2 (Tenn. Crim. App. Oct. 23, 1998), *perm. app. denied*, (Tenn. May 10, 1999); *see e.g. State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982). From what we discern from the record, the copy of the affidavit of complaint/arrest warrant could have been computer generated with the original document properly signed by the affiant and the judicial commissioner. After the briefs were filed in this matter, Petitioner filed a document entitled "Motion to Affirm that the Arrest Warrant was an unsigned Warrant and was Never Valid." Petitioner did not sign the motion in the presence of a notary public or any other official authorized to administer an oath, but he did self-verify the motion by signing below a statement which says, "I hereby verify by oath under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief." Among the allegations in the motion is the following: "I hereby affirm that the complaint and arrest warrant was both unsigned and based on unsigned complaint and as such was facially void and invalid." To the extent the motion seeks to present facts for the first time on appeal, it could not be granted. Tenn. R. App. P. 36(a); *Butler v. State*, 789 S.W.2d 898, 902 (Tenn.

1990); *Erika Louise Bunkley Patrick v. State*, W2004-02217-CCA-R3-PC, 2006 WL 211824, at *10 (Tenn. Crim. App. Jan. 24, 2006), *no perm. app. filed*. In any event, as noted above, issuance of the indictment cured any defect in the arrest warrant.

Whether the petitioner is entitled to habeas corpus relief is a question of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. *Id.*

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Summers*, 212 S.W.3d at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)).

On appeal Petitioner asserts the indictment in Davidson County Criminal Court case number 2010-A-1334 is defective because the indictment failed to allege the essential element of "unlawfully." Petitioner is not entitled to relief on this issue. This Court has previously held that an indictment's failure to allege that the charged offense occurred "unlawfully" does not make the indictment defective. *See Jerry D. Carney v. David Mills, Warden*, No. W2004-01563-CCA-R3-HC, 2004 WL 2756052, at *4 (Tenn. Crim. App. Dec. 2, 2004) *no perm. app. filed*.

Petitioner also argues that the Tennessee Department of Correction unlawfully voided the action of the Tennessee Board of Parole to "parole" Petitioner on his sentence of three years prior to the beginning of his consecutive sentence of five years. Issues concerning the Department of Correction's calculation of parole eligibility are not cognizable in a habeas corpus proceeding. *See John Willie Partee v. Fortner*, No. M2007-01724-CCA-R3-HC, 2008 WL 1805757, at *2 (Tenn. Crim. App. April 22, 2008), *no perm. app. filed*. Petitioner candidly acknowledges in his brief that the Tennessee Department of Correction "turned the sentence in[to] an effective sentence of eight years." That is exactly the sentence imposed by the judgments attacked in the habeas corpus proceeding. Petitioner is not entitled to relief on this issue.

## CONCLUSION

Having determined that Petitioner is not entitled to relief on the issues presented in this appeal, we affirm the judgment of the habeas corpus trial court.

_____
THOMAS T. WOODALL, JUDGE