IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 7, 2019

## JAFARRIS MILLER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 17-00809      Jennifer Johnson Mitchell, Judge**

_____

**No. W2018-02111-CCA-R3-HC**

_____

Petitioner, Jafarris Miller, appeals from the dismissal of his petition for habeas corpus relief. On appeal and in his *pro se* petition, Petitioner argues that his convictions for intentionally evading arrest in a vehicle, a Class E felony, and theft of property less than $500.00 in value, a Class A misdemeanor, are void because the arrest warrant was invalid. After review of the record and the briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Jafarris Miller, Memphis, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

According to an affidavit in support of an arrest warrant submitted by a police detective, the detective observed Petitioner and his accomplice sprint out of a retail store in Collierville. One of the two carried a 55-gallon garbage sack that was extremely full. It was ultimately determined the sack contained over $500.00 worth of merchandise that had not been purchased. Believing a theft had occurred, the detective activated his emergency equipment and initiated a stop of the vehicle that Petitioner and his cohort had entered. Petitioner was the driver, and he disregarded the detective's orders to stop. Petitioner drove the vehicle in a manner that caused a forearm abrasion and a bruise to

the detective's left side. A chase began when Petitioner drove out of the parking lot. Petitioner's car promptly wrecked and he and his passenger fled on foot but were soon taken into custody by other police officers.

Subsequently, Petitioner was charged by the Shelby County Grand Jury in a five-count indictment with two counts of aggravated assault upon the detective based upon alternate theories, two counts of intentionally evading arrest in a motor vehicle based upon alternate theories, and one count of Class E felony theft of property.

In a negotiated plea agreement, Petitioner pled guilty to one count of intentionally evading arrest in a motor vehicle, and the lesser included offense of theft of property less than $500.00 in value.

Peititoner alleged in his petition and again in his brief, that he was afforded a preliminary hearing, after which he was indicted. He further alleges that his motion to dismiss the charges at the preliminary hearing, due to a void affidavit of complaint, was denied.

Petitioner's legal claim for habeas corpus relief is that no valid affidavit of complaint or arrest warrant was issued in his case, and therefore all subsequent proceedings including the indictment and the judgments of conviction are void. The State disagrees. We agree with the State.

**Analysis**

Article I Section 15 of the Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. According to Tenn. Code Ann. §29-21-101, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." However, the grounds for which such relief may be granted are very limited. *State v. Richie*, 20 S.W.3d 624, 629 (Tenn. 2000).

Habeas corpus relief is available only in cases where it appears facially on the record, "that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Habeas corpus relief is therefore only available in instances of void judgements, as opposed to voidable judgments. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "A voidable judgment or sentence is one which is facially valid but which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity." *Powers v. State*, No. M2009-00937-CCA-R3-HC, 2010 WL 27948, at *1 (Tenn. Crim. App. May 12, 2010) (citing

*Taylor v. State*, 995 S.W.2d at 83). Petitioners may not attack a facially valid judgment in a habeas corpus proceeding. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

The petitioner bears the burden of establishing a void judgment by a preponderance of the evidence. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). Determining whether to grant habeas corpus relief is a question of law, and therefore appellate review is de novo. *Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007).

Even if the affidavit of complaint and/or the arrest warrant is invalid, this does not invalidate a subsequent indictment. *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982) (The State may choose to obtain an indictment to cure any defects in the charging procedure, including a defective warrant.); *Timothy A. Baxter v. State*, No. W2017-01073-CCA-R3-HC, 2018 WL 3954180, at *3 (Tenn. Crim. App. Aug. 16, 2018) ("Any challenge to the affidavit of complaint in this [habeas corpus] case was foreclosed by the return of a valid indictment.") There is no indication in the record that the indictment is invalid. Petitioner is not entitled to habeas corpus relief in this appeal.

## CONCLUSION

The judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, JUDGE