IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2026

## REUBEN HICKOK FAIRFIELD v. GUY BOSCH, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2025-CV-5027     Michael Wayne Collins, Judge**

_____

**No. M2025-01451-CCA-R3-HC**

_____

In 2012, the Petitioner, Reuben Hickok Fairfield, pleaded guilty in the Madison County Circuit Court to the offenses of second degree murder and tampering with evidence. The trial court imposed an effective sentence of thirty-five years' incarceration. The Petitioner later filed a pro se application for a writ of habeas corpus, asserting that his arrest warrant was void and that, as a result, his indictment and judgments were likewise void. The habeas corpus court summarily dismissed the application, concluding that the Petitioner had failed to state a cognizable claim for habeas corpus relief. The Petitioner now appeals. Upon our review, we respectfully affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

Reuben Hickok Fairfield, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Lacy E. Wilber, Senior Assistant Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

Following his 2012 guilty pleas to second degree murder and tampering with evidence, the Petitioner received an effective sentence of thirty-five years' incarceration. On August 18, 2025, the Petitioner filed a pro se application for a writ of habeas corpus in the Circuit Court for Trousdale County. In his application, the Petitioner alleged that the unsigned, unsworn affidavit of complaint rendered the arrest warrant void and that this defect voided all subsequent proceedings, including the indictment and the judgments of conviction.

On September 3, 2025, the habeas corpus court entered a written order summarily dismissing the application, concluding that the Petitioner had failed to state a cognizable claim for relief. The Petitioner filed a timely notice of appeal fifteen days later. *See* Tenn. R. App. P. 4(a).

## STANDARD OF APPELLATE REVIEW

For each issue on appeal, a reviewing court must first determine the appropriate standard of review. *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the habeas corpus court erred in summarily dismissing the application. This issue presents a question of law, which we review "de novo with no presumption of correctness given to the conclusions of the court below." *Davis v. State*, 313 S.W.3d 751, 755 (Tenn. 2010).

## ANALYSIS

In this appeal, the Petitioner argues that his arrest warrant was void because the supporting affidavit of complaint was unsigned and unsworn. From this premise, he asserts that his indictment and resulting judgments of conviction are likewise void and that the trial court therefore lacked jurisdiction over his case. The State responds that any defect in the affidavit of complaint or arrest warrant would render the judgments voidable at most

and that such a claim is not cognizable in a habeas corpus proceeding. We agree with the State.[1]

The privilege of the writ of habeas corpus is guaranteed by Article I, section 15 of the Tennessee Constitution, which provides that "the privilege of the writ of Habeas Corpus shall not be suspended, unless when in case of rebellion or invasion, the General Assembly shall declare the public safety requires it." Although the writ is constitutionally protected, our supreme court has explained that "[u]nlike the federal writ of habeas corpus[,] which reaches as far as allowed by the Constitution, the scope of the writ within Tennessee does not permit relief from convictions that are merely voidable for want of due process of law." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Instead, "a habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007).

Thus, the scope of the writ is narrow. Its successful prosecution "has long been limited to showing that the original judgment of conviction was void due to a lack of jurisdiction by the convicting court or to showing that the sentence has expired." *Ritchie*, 20 S.W.3d at 630. That limitation is not merely procedural; it reflects a considered constitutional boundary. The writ lies only when the face of the record reveals one of two conditions: either the court that entered judgment lacked jurisdiction, or the defendant's sentence has already expired. *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (citation and internal quotation marks omitted). A judgment that is merely irregular, or one that might have been challenged on direct appeal or in a post-conviction proceeding, does not cross that threshold. "[A] petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

Within that constitutional framework, the procedures governing habeas corpus have been regulated by statute "at least since the Code of 1858." *Ritchie*, 20 S.W.3d at 629 (citation and internal quotation marks omitted); *see* Tenn. Code Ann. §§ 29-21-101, *et seq*. Under those statutes, the petitioner bears the burden to establish by a preponderance of the evidence that the judgment is void or the confinement illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If an application fails to state a cognizable claim, the court may summarily dismiss it. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). That dismissal

---

[1] Generally speaking, a defendant who enters a guilty plea waives all nonjurisdictional defects and constitutional infirmities in the proceedings that preceded it. *See State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004); *see also Carino v. State*, No. M2022-01036-CCA-R3-HC, 2023 WL 176104, at *3 (Tenn. Crim. App. Jan. 13, 2023), *no perm. app. filed*. Nevertheless, because the State does not argue that this doctrine independently forecloses the Petitioner's claim, we do not address this possibility further.

may proceed without appointment of counsel or an evidentiary hearing where the judgment or record shows no indication that the conviction is void or that the sentence has expired. *Summers*, 212 S.W.3d at 261.

With these principles in mind, we turn to the Petitioner's claim. The Petitioner contends that the affidavit of complaint prepared in connection with his arrest was unsigned and unsworn and that this defect rendered the resulting arrest warrant void. From this premise, he argues that his indictment and judgments of conviction were likewise void and deprived the trial court of jurisdiction. We respectfully disagree.

An indictment is an independent charging document that reflects the grand jury's own finding of probable cause. Because an indictment rests on that independent determination, its validity does not depend on whether the defendant's prior arrest was lawful. *See State v. Campbell*, 641 S.W.2d 890, 893 (Tenn. 1982). A valid indictment, therefore, gives the trial court authority to hear the case and corrects any earlier defect in an arrest warrant or affidavit of complaint. *See, e.g.*, *Carino v. State*, No. M2022-01036-CCA-R3-HC, 2023 WL 176104, at *3 (Tenn. Crim. App. Jan. 13, 2023), *no perm. app. filed*; *Miller v. State*, No. W2018-02111-CCA-R3-HC, 2019 WL 7288805, at *2 (Tenn. Crim. App. Dec. 30, 2019), *no perm. app. filed*; *Elliott v. State*, No. M2018-00808-CCA-R3-HC, 2018 WL 6528712, at *2 (Tenn. Crim. App. Dec. 12, 2018), *perm. app. denied* (Tenn. Apr. 11, 2019). Any remaining irregularity in the arrest process would make the resulting judgment voidable rather than void, and such a claim falls outside the reach of habeas corpus relief. *See, e.g.*, *Taylor v. Fitz*, No. W2020-01294-CCA-R3-HC, 2021 WL 4077031, at *2-3 (Tenn. Crim. App. Sept. 8, 2021), *perm. app. denied* (Tenn. Dec. 8, 2021); *Carino*, 2023 WL 176104, at *2-3; *Miller*, 2019 WL 7288805, at *2.

The record here forecloses the Petitioner's claim. A Madison County grand jury returned a two-count indictment against the Petitioner on July 2, 2012. The Petitioner later pleaded guilty to second degree murder and tampering with evidence based on that indictment, and the resulting judgments are facially valid. The Petitioner has identified no defect in the indictment, and he has not shown that the trial court lacked jurisdiction or authority to accept his plea and impose a sentence. *See Thomas v. Lee*, No. E2015-02427-CCA-R3-HC, 2016 WL 3996488, at *2 (Tenn. Crim. App. July 21, 2016) ("A valid indictment confers jurisdiction on a trial court."), *no perm. app. filed*. The Petitioner is therefore not entitled to habeas corpus relief.

- 4 -

**CONCLUSION**

In summary, we hold that the Petitioner has not shown that the challenged judgment is void or that his sentence has expired. Accordingly, we respectfully affirm the judgment of the habeas corpus court summarily dismissing the application.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE